## GEORGE W. MICHAEL et al., Respondents, v. R. R. KENNEDY Appellant.

St. Louis Court of Appeals.    Submitted on Briefs June 5, 1912. Opinion Filed July 2 1912.

1. **PARTNERSHIP: Action on Contract: Pleading: Variance.** In an action by partners on a contract alleged to have been entered into between the plaintiffs, as partners, and the defendant, the plaintiffs can not recover on proof of a contract made by the defendant with one of them individually.

2. **REAL ESTATE BROKERS: Action for Commission: Sufficiency of Evidence.** In an action by a firm of real estate brokers for a commission in effecting a sale of land for $4400, an averment in the petition, that defendant had agreed to pay plaintiffs any amount in excess of $4000 realized from the sale, was not supported by a letter from one of the plaintiffs to defendant, stating that he was offered $4000 for defendant's land and asked no commission, and a telegram from defendant in response, stating that he would take $4000.

3. **CONTRACTS: Pleading: Variance.** One suing on a special contract must recover thereon, or not at all, and cannot recover as for money had and received.

4. ————: **"Contract" and "Agreement" Synonyms.** There is no difference between a "contract" and an "agreement."

Appeal from New Madrid Circuit Court.—*Hon. Henry C. Riley,* Judge.

REVERSED.

*Brewer & Riley* for appellant.

(1)   The plaintiffs sue on a special contract, and therefore he must recover upon that or not at all in this action.   Cole v. Armour, 154 Mo. 350; Koons v. Car .Co., 203 Mo. 255.   (2)   This cause ought to be reversed for the further reason the petition alleges a contract between the defendant and a copartnership, while the proof shows that the contract was with the plaintiff, George W. Michael, and it nowhere appears therefrom that it was a contract in behalf of the partnership.   Hilliker v. Francisco, 65 Mo. 298.

*Brown & Gallivan,* for respondent, filed argument.

REYNOLDS, P. J.—This is an action by plaintiffs in which the petition sets out that plaintiffs are partners doing a real estate business under the firm name and style of Michael & Son; that this firm on or about November, 1909, contracted to sell for defendant 220 acres of real estate situate in Craighead county, Arkansas, describing it, at and for the sum of $4000, ''these plaintiffs to have the amount over and above said sum of $4000 which was to be paid by the purchaser as a commission to the plaintiffs herein.'' It is further averred that the sale was made according to contract by plaintiffs and that defendant collected the full sum of $4400 but failed, refused and neglected to pay the sum of $400 to plaintiffs, ''although demanded so to do.''   Judgment is prayed for the $400.

The answer is a general denial.

The cause was tried before the court, a jury having been waived.   The court found for plaintiffs and rendered judgment accordingly, from which judgment, defendant, filing a motion for new trial and one in arrest, has duly perfected his appeal to this court.

The plaintiff George W. Michael was the only witness in the case introduced on the part of plaintiffs.

He testified that his son and himself were a partnership known as Michael & Son. He was asked if he, as a real estate man, had sold a piece of land for defendant in Craighead county, Arkansas, and he answered that he did. He further testified that all communications between himself and defendant were in the shape of a letter and telegram and that whatever contract existed between them is evidenced by the letter and telegram. The letter referred to was on a letterhead reading "Michael & Son, exclusive agents for three hundred thousand acres of land in Southeast Missouri." Addressed to defendant Kennedy, and dated Campbell, Mo., November 10, 1909, it is as follows:

"I am offered even $4000 for your 220 acres in Craighead county, Arkansas. Payment, one-third down; one-third in one year, and one-third in two years, at seven per cent. I have been working on this for two months and have finally got an offer. Will you take it? Let me know by telegram. I talked rice and went with him to Stuttgart and showed him the fields. This is surely well sold. I ask no commission, as mine goes with it and he wanted all or none.

Kindly yours,

G. W. MICHAEL."

Defendant answered this letter by a telegram from Spencerville, Ohio, under date of November 12th, and addressed to George W. Michael, Campbell, Mo., as follows:

"Will take $4000 for Craighead county, Arkansas, land. Buyer to assume payment of taxes and commissions. Make papers and cash to Citizens' Bank, Spencerville, Ohio."

It appears that G. W. Michael was carrying on negotiations for the sale of a body of land to one Altman. Part of this land belonged to Mr. Michael himself, part of it to others. In the course of negotiations between Altman and Mr. Michael, the purchase

of this Kennedy land came up, with the result that Mr.
Michael sold the Kennedy land to Altman for $4400,
it being the intention between Kennedy and Altman,
apparently, that the $400 was to cover Michael's com-
mission on the sale.  The consideration stated in the
deed which Kennedy executed was $4400 and on de-
livery of that deed he received that amount in pay-
ment, part of it apparently being in notes, part of it in
cash.  Mr. Michael testified that he had not advised
Kennedy of his arrangement with Altman, although
instead of selling the land to Altman, who appears
to have resided in Jonesboro, for $4000, he was really
selling it to him for $4400.  He did not advise Kennedy
of this fact.

There is not a word of testimony in the case that
Michael was acting for his firm in the matter.  He
speaks of himself all through and as will be seen, the
correspondence between himself and Kennedy was en-
tirely in his own name although on the letterhead of
his firm.  The only evidence introduced on the part of
appellant was the letter from G. W. Michael to Ken-
nedy, plaintiffs having introduced the telegram above
referred to from Kennedy to Mr. George W. Michael.
This was substantially all the evidence in the case.

It is impossible to sustain the judgment of the
learned trial court.

In the first place the petition alleges a contract
between plaintiffs as partners and Kennedy.  There is
an absolute failure to show any such contract with the
partners.  The only contract entered into as far as
shown by the evidence is the individual contract of
George W. Michael with Kennedy.  Possibly George
W. Michael was acting for his firm, but there is no
proof that that is the fact.

In the second place, the contract that the petition
counts on is a specific contract to the effect that plain-
tiffs, that is George W. Michael and Morris D. Michael,

were to have any sum realized on the sale over and above $4000. There is not the slightest proof of any such contract ever having been entered into between the parties. The only contract or agreement in evidence is that contained in the letter and telegram set out, and these cannot be construed into any such contract.

It is impossible, with a petition of this kind, for the plaintiffs now to claim a right to recover as for money had and received, as is now claimed in support of the judgment. It was long ago settled in this state, in accordance with the general rule recognized by all courts, that where a plaintiff sues on a special contract he must recover upon the contract alleged or not at all. This, says our Supreme Court, is the rule although the evidence develops a cause of action for money had and received, or even on *quantum meruit* for work and labor done and services performed. [See Cole v. Armour, 154 Mo. 333, 55 S. W. 476, and cases there cited.]

Counsel for respondents refer us to no authority whatever in support of the judgment, nor of the position which they take before us, that the action is not based upon a contract but merely on a recital of the agreement between the parties. We are unable to distinguish the difference between a contract and an agreement. Whether plaintiffs elect to call this a contract or an agreement, in either event they have sued on a special contract or a special agreement, which they have set out with particularity and which they have utterly failed to sustain, either as a contract between Michael & Son, as partners, or George W. Michael as an individual on the one side and R. R. Kennedy on the other.

The judgment of the circuit court is reversed. *Nortoni* and *Caulfield, JJ.,* concur.