HATTIE MAY BOONE, OLIVE A. BRACKEN, FRANK F. BOZARTH, CHARLES A. BOZARTH, WILL S. BOZARTH, MAVIS HAYSE and JOHN ARLINGTON ERDWINS, by JOHN ERDWINS, his next friend, v. ARTHUR OETTING, OTTO EHLERS and THEO. L. BARTMAN. Appellants.—114 S. W. (2d) 981.

Division One, April 1, 1938.

*Carl L. Ristine, James H. Linton* and *Blackwell & Sherman* for appellants.

270

*Thomas F. Doran, Clayton E. Kline, Harry W. Colmery, M. F. Cosgrove, Balfour S. Jeffrey* and *M. D. Aber* for respondents.

GANTT, J.—Action in ejectment and to determine title to the east half of the northeast quarter and the east half of the southeast quarter of Section 10, Township 47, Range 25, Johnson County, Missouri, except forty acres in the southeast part of the southeast quarter of said section. Judgment for plaintiffs and defendants appealed.

The common source of title is Sanford S. Foster, who died testate in June, 1884. Plaintiffs claim under his will. Defendants claim under a partition sale of the land. The devisees of Sanford S. Foster were the parties to the partition suit. He devised the above-described one hundred sixty acres to his daughter, Mary S. Bozarth, and her bodily heirs. She had children as follows: Hattie N. Boone, Olivia Bracken, Bessie McNary, and Charles, William, Frank and Beulah Bozarth. On March 18, 1912, A. N. Craig was appointed curator of the estates of the minor children, Beulah, Charles and William. On April 15, 1912, Mary S. Bozarth and said minors, by curators, filed suit against the other children to partition the land. Mavis McNary (now respondent Mavis Hayse) was substituted as defendant in lieu of her deceased mother, Bessie L. McNary. She defended by guardian *ad litem*. Partition was decreed. On March 16, 1914, and under said decree, the sheriff sold the land at public sale to Mary S. Bozarth, the mother, for $5840. The court determined the value of the life estate of the mother to be $3096.90, which, deducted from the $5840 left $2743.10 due on the purchase price. The mother borrowed $1800 and secured the same by a deed of trust on the one hundred twenty acres. On March 20, 1914, the sheriff delivered to her the partition deed in which he acknowldeged receiving the $5840. Of course, he only received $2743.10 which was due after deducting the value of the life estate from the $5840. On deducting $419.80, the costs and expenses of the partition, from the $2743.10, there remained $2323.30 which the court ordered distributed among the seven children. After the distribution Beulah

Bozarth married John Erdwins. The plaintiff herein, John A. Erdwins, was born of that marriage. He is the only child of Beulah Bozarth, who died in 1921.

On default in the payment of the $1800 note, and on September 18, 1921, the one hundred twenty acres of land was sold under the deed of trust to defendant Oetting for $2300. In due course he entered and continues in possession of the land.

On March 19, 1927, Oetting borrowed $6000 from the Concordia Savings Bank and secured the same by a deed of trust on the land. On maturity of the $6000 note in March, 1932, he borrowed from defendant Ehlers $6000, gave a deed of trust on the land to secure the same and paid the bank. Mary S. Bozarth died July 13, 1932. This suit was instituted on September 8, 1932, to recover the land.

In the petition herein the plaintiffs tendered into court any money which the court might find should be paid by them to defendants in adjusting the equities.

Defendants pleaded at length the partition proceedings, alleged that the title to the land as between the parties was finally determined in that suit, and that judgment therein was *res judicata* of the question of title herein. Defendants also pleaded at length the court's order of distribution in the partition suit; that each of the plaintiffs herein accepted from the sheriff their *pro rata* share of the money ordered distributed, with full knowledge that said money was intended as payment for his or her interest in the land, and for that reason plaintiffs herein are estopped from claiming an interest in the land.

The reply was a general denial with a renewal of the aforesaid tender of money into court.

On the first count judgment was for plaintiffs for possession and damages in the sum of $1, and monthly rents at $20 from the date of the judgment.

On the second count the court decreed that plaintiffs were the owners in fee of the land, subject only to the lien of taxes remaining unpaid since the termination of the life estate; that defendants have no interest in or lien on the land and that plaintiffs are entitled to immediate possession.

In the trial court the defendants relied on both *res judicata* and estoppel. In this court they abandoned the defense of *res judicata* and, in doing so, stated as follows:

"Under the rulings of this court in Gray et al. v. Clement et al., 286 Mo. 100, and in the same case on the second appeal, 296 Mo. 497, and in cases decided thereafter, the judgment of the Circuit Court of Johnson County, rendered on the 13th day of February, 1914, for partition and sale of the land herein involved, is void, and subject to collateral attack, for the reason that, under the will of Sanford S. Foster his daughter, Mary S. Bozarth, took a life estate

with remainder to the heirs of her body, and the court was without jurisdiction to render the judgment in the partition suit.''

They contend here that acceptance by plaintiffs of their *pro rata* share of the money ordered distributed by the trial court in the partition suit, with full knowledge that said money was payment for his or her interest in the land, estopped plaintiffs from claiming an interest in the same. The rule is well stated as follows:

''There is no rule of equity more firmly settled and more just and reasonable, than that one who knowingly receives the purchase price of his own estate sold by one assuming to act under a valid power, estops himself, in equity, from denying the power.'' [Lawson v. Cunningham, 275 Mo. 128, l. c. 165, 204 S. W. 1100].

This statement of the rule is supported by decisions of this court as follows: Hector v. Mann, 225 Mo. 228, l. c. 247, 124 S. W. 1109; Lawson v. Cunningham, 275 Mo. 128, l. c. 150, 157, 204 S. W. 1100; Proctor v. Nance, 220 Mo. 104, 119 S. W. 409; Cape Girardeau, etc., Railroad Co. v. Bridge Co., 215 Mo. 286, 114 S. W. 1084; Fisher v. Siekmann, 125 Mo. 165, 28 S. W. 435; Clibourn v. McLaughlin, 106 Mo. 521, 17 S. W. 692; McClanahan v. West, 100 Mo. 309, 13 S. W. 674.

In this connection plaintiffs argue that defendants did not plead affirmance and ratification. The words ''affirmance and ratification'' are not found in defendants' pleadings. However, they alleged facts which showed affirmance and ratification, and pleaded estoppel because of said facts. We think this was a sufficient plea of affirmance and ratification.

Plaintiffs cite rulings that courts cannot be ''estopped into jurisdiction'' and that the title to ''land cannot be transferred by estoppel.'' Defendants make no such contention. On the contrary they admit that the partition judgment was void and that the sheriff's deed conveyed no title. They claim only that plaintiffs are in no position to assert title because, with full knowledge of the facts, they ratified the sale.

This brings us to the question of knowledge on the part of plaintiffs that the money received from the sheriff was payment for his or her interest in the land. It is clear that all of the plaintiffs, except the minor Mavis McNary (now Mavis Hayse) of Glendale, California, and John A. Erdwins, accepted the money with full knowledge of all the facts. In this situation it must be ruled that all of the plaintiffs, except Mavis Hayse and John A. Erdwins, are estopped from claiming an interest in the land. It is admitted that the share of Mavis Hayse was paid to her guardian at Glendale, California. Even if it be presumed that the guardian paid to her said money, there is no evidence tending to show that she had knowledge that the same was payment for her interest in the land. Furthermore, it is admitted that John A. Erdwins received no money for his

interest in the land. It was paid to her mother, Beulah (Bozarth) Erdwins. On her death the son took from his grandfather, Sanford S. Foster. As to plaintiffs John A. Erdwins and Mavis Hayse, defendant Oetting owned only the life estate of the mother, Mary S. Bozarth, and, as to said plaintiffs, the deed of trust in favor of Ehlers was only a lien on said life estate. In this situation said plaintiffs are not liable for either improvements made or taxes paid on the land.

It follows that Mavis Hayse is the owner of an undivided one-seventh interest in fee in the above-described land, and John A. Erdwins is the owner of an undivided one-seventh interest in fee in said land. They own said interest free from all claims for improvements and taxes paid and free from all liens of every kind whatsoever, except liens for unpaid taxes assessed against the land.

The judgment is reversed and the cause remanded with directions to enter judgment in conformity with this opinion.

All concur, except *Hays, J.,* absent.