Edna FISH, Plaintiff-Appellant,

v.

Olen FISH, Defendant-Respondent.

No. 7607.

Springfield Court of Appeals.

Missouri.

Nov. 11, 1957.

Accounting and Partition." No issue is presented on this appeal with respect to the *second* count, in conventional form for partition of certain real estate owned by plaintiff and defendant, her former husband, as tenants in common, and plaintiff's-appellant's complaint is directed solely to dismissal of the *first* count of her petition in response to defendant's motion to dismiss for failure to state a claim upon which relief could be granted.

In the first paragraph of the first count, plaintiff alleged that she and defendant were married on January 10, 1940, in Douglas County, Missouri, and "remained husband and wife" until they were divorced on September 27, 1954, in the Circuit Court of Howell County, Missouri; "that during the time the plaintiff and defendant were husband and wife they acquired a large amount of real and personal property * * * as a result of the work and investments made by both parties and as a result of the contributions of money and labor by each of the parties"; that, at the time of their divorce, the parties "owned and operated a store located on Highway 14" in Howell County, with "living quarters" in the store, and "owned land adjacent thereto * * used for farming purposes; that said parties had operated said business and farm and resided there since on or about the 1st day of May, 1951, at which time they agreed to acquire and operate a general store and farm and did acquire and commence operation of said general store business and farming business; that said business was acquired with money belonging to both the parties"; but, that defendant "took possession of all of the real and personal property which was owned by the parties" when they separated about May 19, 1954, thereafter denied to plaintiff the right "to use" or "to have" any part of such property (although plaintiff requested defendant "to divide said property with her"), and "converted said real and personal property and home, farm and business of the parties to his own use and benefit." The first paragraph then closed with repetitious averments "that the money used to acquire

Wm. Duke Hiett, Houston, Hogan & Hogan, West Plains, for plaintiff-appellant.

Rogers & Rogers, Gainesville, for defendant-respondent.

STONE, Judge.

On February 9, 1955, plaintiff filed her petition in two counts captioned "Action for

said property had been furnished by both of the parties; and that the store and farm had been owned and operated by both the parties."

In the second paragraph, plaintiff asserted that "the property used in said business which is now owned by the parties as tenants in common" consisted of fixtures and appliances, "goods and merchandise held for sale in the business," notes and accounts "due the plaintiff and defendant from customers," and cash on hand, all having an aggregate value of not less than $4,180. In the third paragraph, plaintiff alleged "that the parties hereto are also the owners as tenants in common" of a 1949 Ford pickup and certain livestock having an aggregate value of more than $1,305; and, in the fourth paragraph, plaintiff averred "that the parties are the owners as tenants in common" of certain household goods and furniture worth more than $335, "purchased with the earnings of the plaintiff and defendant." After asserting "that the only equitable manner of making a division of the assets is by the sale of the whole together and * a division of the proceeds between plaintiff and defendant according to their respective interests" and that she "has no adequate remedy at law," plaintiff prayed that a receiver be appointed with power to collect and dispose of the aforesaid property, and that, after payment of debts, expenses and costs, "the proceeds be divided between the parties hereto, according to their respective interests."

■ Upon this appeal, the determinative issue is whether the first count of plaintiff's petition (to which we hereinafter refer as the petition), "so construed as to do substantial justice" [Section 509.250], states "a claim upon which relief can be granted."

Section 509.300.[1] See City of St. Louis v. Whitley, Mo., 283 S.W.2d 490, 491(1). In resolving this question, the averments of the petition are to be construed liberally and accorded their reasonable and fair intendment, and the petition should be held sufficient if, so considered, its averments invoke substantive principles of law entitling plaintiff to relief.[2]

■ The language of the trial court's order sustaining defendant's motion to dismiss indicates that plaintiff asserted then, as now, that her petition was predicated on the theory of a joint adventure between plaintiff and defendant in the ownership and operation of a general store and farm, wrongfully terminated (so plaintiff says) by her exclusion from the business and defendant's conversion of its assets to his personal use, all of which (if true) would permit invocation of the aid of a court of equity to cast up the accounts and adjust the rights of the parties. Brooks v. Brooks, 357 Mo. 343, 208 S.W.2d 279, 4 A.L.R.2d 826. The definition of joint adventure frequently approved by our courts is " 'a special combination of two or more persons, where in some specific venture a profit is jointly sought without any actual partnership or corporate designation, or * * * an association of persons to carry out a single business enterprise for profit, for which purpose they combine their property, money, effects, skill, and knowledge.' " Scott v. Kempland, Mo., 264 S.W.2d 349, 354(1), and cases there collected. Briefly stated, the principal requisites of a joint adventure are a community of interest in accomplishment of a common purpose, a joint proprietary interest in the subject matter, a mutual right of control, a right to share in any profits, and a duty to share in any losses.[3]

1. All statutory references herein are to RSMo 1949, V.A.M.S.

2. Wells v. Henry W. Kuhs Realty Co., Mo., 269 S.W.2d 761, 767(1), 47 A.L.R.2d 1038; Boyer v. Guidicy Marble, Terrazzo & Tile Co., Mo., 246 S.W.2d 742, 744(1); Joshmer v. Fred Weber Contractors, Mo. App., 294 S.W.2d 576, 584(8). See also Jacobs v. Jacobs, Mo., 272 S.W.2d 185, 188(3).

3. Shafer v. Southwestern Bell Telephone Co., Mo., 295 S.W.2d 109, 116(15); Gales v. Weldon, Mo., 282 S.W.2d 522, 527; Wood v. Claussen, Mo.App., 207

As defendant here emphasizes, a joint adventure must rest on a contract or agreement between the parties.[4] However, no specific or formal agreement is required, and the contract may be implied or proved by facts and circumstances showing that the parties, in fact, entered into a joint adventure.[5]

In his primary argument that the petition under review is insufficient because it "nowhere makes any allegation as to a contract between the parties," instant defendant contends that the allegation "that said parties had operated said business and farm * * * since on or about the 1st day of May, 1951, at which time *they agreed* to acquire and operate a general store and farm and did acquire and commence operation" thereof, means no more than that "the acquisition was with her (plaintiff's) permission or consent." (All emphasis herein is ours.) We recognize that "consent" is listed among the dictionary synonyms for "agree." Webster's New International Dictionary (2nd Ed.), p. 51. However, it "is not an exact synonym" [Smith v. Jones, 185 Ga. 236, 194 S.E. 556, 560]; and, when framed in a legal setting, "agreed" usually carries the connotation of "contracted."[6] Likewise, the noun "agreement" frequently is treated as synonymous with "contract"[7] and obviously is so used and employed in the judicial writings on joint adventure.

E. g., witness the oft-quoted language of Denny v. Guyton, 327 Mo. 1030, 40 S.W.2d 562, 571, that a joint adventure "can arise only by *contract or agreement* between the parties" but "may be established without any specific formal *agreement*." Furthermore, the use of *"they"* in the quoted averment that *"they agreed* to acquire and operate a general store and farm" implies *mutuality* and forecloses the construction (for which defendant contends) of *unilateral* permission or consent by plaintiff. In short, there is no more difference between "they agreed" (as used in the petition) and "they contracted" than between tweedledum and tweedledee.

The petition includes allegations that plaintiff and defendant "acquired a large amount of real and personal property * * * as a result of the work and investments made by both parties and as a result of the contributions of money and labor by each of the parties," again "that the money used to acquire said property had been furnished by both of the parties," more specifically "that said business (i. e., the general store and farm) was acquired with money belonging to both the parties hereto," and finally "that the store and farm had been owned and operated by both the parties." True, as defendant here complains, the petition does not recite the exact amount of money invested by either party,

S.W.2d 802, 814(16); 48 C.J.S. Joint Adventures § 2a, p. 809. For a more comprehensive discussion of the origin, elements and attributes of joint adventures, consult Denny v. Guyton, 327 Mo. 1030, 40 S.W.2d 562, 570–572, frequently quoted with approval in subsequent cases.

4. Shafer v. Southwestern Bell Telephone Co., supra, 295 S.W.2d loc. cit. 116; Gales v. Weldon, supra, 282 S.W.2d loc. cit. 527(3); State ex rel. McCrory v. Bland, 355 Mo. 706, 197 S.W.2d 669, 672(3), 168 A.L.R. 929; Ewalt v. Hudson, Mo.App., 223 S.W.2d 132, 135(5).

5. Scott v. Kempland, Mo., 264 S.W.2d 349, 354(2); Hobart-Lee Tie Co. v. Grodsky, 329 Mo. 706, 46 S.W.2d 859, 861; Denny v. Guyton, supra, 40 S.W.2d loc. cit.

571(7); Neville v. D'Oench, 327 Mo. 34, 34 S.W.2d 491, 503(2); Herbert v. Herbert, Mo.App., 272 S.W.2d 705, 711–712; Stouse v. Stouse, Mo.App., 260 S.W.2d 31, 41; 30 Am.Jur., Joint Adventures, § 9, p. 681.

6. Mott v. Jackson, 172 Ala. 448, 55 So. 528, 530; In re Gray's Estate, 160 Misc. 710, 290 N.Y.S. 603, 605; McKisick v. McKisick, 19 Tenn. 427, 433. Compare Mackay v. Truchon, 171 Mo.App. 42, 47, 153 S.W. 502, 503.

7. Michael v. Kennedy, 166 Mo.App. 462, 466, 148 S.W. 983, 984(4); In re McGlone's Will, 171 Misc. 612, 13 N.Y.S.2d 76, 85(16); Douglass v. W. L. Williams Art Co., 143 Ga. 846, 85 S.E. 993; Barnard v. Lancashire Ins. Co. of Manchester, 8 Cir., 101 F. 36, 37.

nor the source of the money alleged to have been contributed by plaintiff. However, plaintiff's obligation was to plead the essential ultimate facts of her cause of action, not the evidence by which those ultimate facts were to be proved.[8] And, if the petition was indefinite or uncertain in the aforesaid particulars, we may not, for that reason, find it wholly insufficient.[9] Such frailties and imperfections are to be reached under our present code of civil procedure [Section 509.310], as formerly,[10] by motion to make more definite, but they do not render a petition fatally defective and subject to a motion to dismiss (which performs the same function as a demurrer under our prior code) [11] if a cause of action may be implied from the allegations of the petition by liberal construction and by reasonable and fair intendment.[12]

■■ Defendant's further point that the petition does not show "the time either (party) should spend in the operation of the business" is without substance. For, with the repeated observation that "the great majority of such agreements * * * do not point out precisely what each party is to do under them,"[13] our courts have made it unmistakably clear that a contract or agreement for a joint adventure may not be avoided because of uncertainty or indefiniteness in minor details.[14] Nor does the absence of a specific allegation as to "how the profits and losses were to be shared" (of which defendant also complains) constitute a fatal defect in the petition, since, in the absence of an express agreement between coadventurers as to the portion of the profits to be received by each, the law presumes an intention that each should share equally.[15] And, certainly plaintiff's failure to brand her alleged agreement with defendant as a joint adventure by use of that term in her petition is of no significance, because an averment to the effect that the parties were joint adventurers would have constituted nothing more than a conclusion of the pleader [16] and, if the essential ultimate facts of plaintiff's cause of action were alleged

8. Sibert v. Litchfield & M. Ry. Co., Mo., 159 S.W.2d 612, 614(1); Burneson v. Zumwalt Co., 349 Mo. 94, 159 S.W.2d 605, 611(12). See also Ripley v. Bank of Skidmore, 355 Mo. 897, 198 S.W.2d 861, 865(14, 15); Ashton v. Buchholz, 359 Mo. 296, 221 S.W.2d 496, 500(3).

9. Downey v. United Weatherproofing, 363 Mo. 852, 253 S.W.2d 976, 977(1, 2); Zuber v. Clarkson Const. Co., 363 Mo. 352, 251 S.W.2d 52, 54(1). See also Hiltner v. Kansas City, Mo., 293 S.W.2d 422, 424(1, 2); Berwert v. Atchison, Topeka & Santa Fe Ry. Co., Mo., 289 S.W.2d 112, 114; Slicer v. W. J. Menefee Const. Co., Mo., 270 S.W.2d 778, 780(1).

10. MacAdam v. Scudder, 127 Mo. 345, 30 S.W. 168, 170(2); Stewart Land Co. v. Perkins, 290 Mo. 194, 234 S.W. 653, 654 (1); Ball v. City of Neosho, 109 Mo.App. 683, 83 S.W. 777, 778(2); Garnett & Allen Paper Co. v. Midland Pub. Co., 156 Mo.App. 187, 136 S.W. 736, 740(6).

11. Sections 509.300 and 509.270; Baysinger v. Hanser, 355 Mo. 1042, 199 S.W.2d 644, 645(1); Goodrich v. Rhodes, Mo. App., 261 S.W.2d 391, 393(1); State ex rel. Uthoff v. Russell, Mo.App., 210 S.W. 2d 1017, 1022(9). See also State ex rel. McMonigle v. Spears, 358 Mo. 23, 25–26, 213 S.W.2d 210, 212; Carr on Missouri Civil Procedure, Vol. 1, § 193, pp. 453–454.

12. Webster v. Sterling Finance Co., 351 Mo. 754, 173 S.W.2d 928, 930–931(1, 2); Metropolitan Paving Co. v. Brown-Crummer Inv. Co., 309 Mo. 638, 274 S.W. 815, 822(15); Birdsong v. Jones, 222 Mo.App. 768, 776, 8 S.W.2d 98, 102; Meade v. Brown, Mo.App., 282 S.W. 457, 458(5, 6).

13. Denny v. Guyton, supra, 40 S.W.2d loc. cit. 572; State ex rel. McCrory v. Bland, supra, 197 S.W.2d loc. cit. 672; Scott v. Kempland, supra, 264 S.W.2d loc. cit. 355; Herbert v. Herbert, supra, 272 S.W. 2d loc. cit. 710; Stouse v. Stouse, supra, 260 S.W.2d loc. cit. 34; Daily v. Scott, Mo.App., 74 S.W.2d 881, 889.

14. See cases cited in footnote 13. Consult also Brooks v. Brooks, 357 Mo. 343, 208 S.W.2d 279, 284, 4 A.L.R.2d 826; 48 C.J.S. Joint Adventures § 3a loc. cit. 818.

15. Wetmore v. Crouch, 150 Mo. 671, 51 S.W. 738, 741–742(3, 5); Knapp v. Hanley, 108 Mo.App. 353, 362, 83 S.W. 1005, 1008; 30 Am.Jur., Joint Adventures, § 32, p. 693; 48 C.J.S. Joint Adventures, § 11a, loc. cit. 838.

16. Compare Baum v. Stephenson, 133 Mo. App. 187, 113 S.W. 225, 227(1); Schindler v. Sorbitz, Mo.App., 268 S.W. 432, 434(3); Furlong v. Druhe, Mo.App., 2 S.W.2d 162, 165(6).

the pleading of legal conclusions to be drawn therefrom would have been useless and superfluous.[17]

■ Although (as plaintiff's counsel frankly concede) the petition was not drafted as artfully and perspicuously as it might have been, it was sufficient to advise, and did advise, both the trial court and the defendant of the theory of plaintiff's alleged cause of action and of the issues presented for trial and determination, and we find enough substance in the petition that we are unwilling for the case to ride off on the pleadings and for plaintiff thus to be cast without her day in court. Of course, we do not know whether plaintiff can carry her burden of proof to establish a joint adventure by the preponderance of the credible evidence [Brooks v. Brooks, supra, 208 S.W.2d loc. cit. 284(6); Scott v. Kempland, supra, 264 S.W.2d loc. cit. 355(9)], and our holding goes no further than to afford her an opportunity to be heard on the merits. Since plaintiff's right to an accounting is denied, the proper and approved procedure will be for the court to determine first whether plaintiff is entitled to an accounting. If so, an interlocutory decree to that effect may be entered; but, if not, a final decree may be entered denying the relief sought without unjustly requiring defendant to account. Adams v. Adams, Mo., 294 S.W.2d 18, 21(4); Ewalt v. Hudson, Mo.App., 223 S.W.2d 132, 134(3).

■ That the scope and intent of our ruling may not be misunderstood, and in the interest of minimizing the possibility of error upon trial, we add the cautionary comments that there is an obvious and important distinction between joint adventure and joint ownership, the latter lacking the feature of adventure, and that joint owners or tenants by the entirety are not to be regarded as joint adventurers in the absence of some express or implied agreement to that effect. Wood v. Claussen,

Mo.App., 207 S.W.2d 802, 814(15); 30 Am.Jur., Joint Adventures, § 6, p. 680; 48 C.J.S. Joint Adventures § 1b(4), pp. 805–806. So, the relationship of joint adventure does not arise by implication simply by reason of joint maintenance of a home by husband and wife [State ex rel. McCrory v. Bland, 355 Mo. 706, 197 S.W.2d 669, 673(6), 168 A.L.R. 929], nor solely by reason of ownership of property by husband and wife as tenants by the entirety [Herbert v. Herbert, Mo.App., 272 S.W.2d 705; Wood v. Claussen, supra, 207 S.W.2d loc. cit. 814] nor necessarily by reason of a wife's work in her husband's place of business. Compare Miller by Hampe v. Miller, 311 Mo. 110, 277 S.W. 922.

It has been observed appropriately "that the authorities have not laid down any very certain rule from which it may be determined whether or not the given acts or conduct of two or more persons will constitute them joint adventurers" [48 C.J.S. Joint Adventures § 2a, p. 809], and that paradoxically a joint adventure frequently is easier to define than to identify. 41 Cornell Law Quarterly 640, 641 (1956). In husband-and-wife cases where the relationship of the parties, of its very nature, tends to submerge adversity of individual interests, it becomes particularly difficult to determine with assurance whether the parties entered into a joint adventure for the realization of profit or whether they acted simply by reason of their marital relationship and with no thought or anticipation of an accounting as joint adventurers. Valley Sav. Bank v. Staves, 224 Iowa 1197, 278 N.W. 346. Thus, acts and circumstances between spouses may not have the same significance, as bearing upon the establishment of a joint adventure, as the same acts and circumstances between strangers might have. Jenkins v. Reichert, 125 Conn. 258, 5 A.2d 6, 8(8); 41 C.J.S. Husband and Wife § 129b, p. 602. In the final analysis, the courts in this and other jurisdictions have

---

17. Boone v. Oetting, 342 Mo. 269, 114 S.W. 2d 981, 983(2); Finley v. Williams, 325 Mo. 688, 29 S.W.2d 103, 104(3); Folger v. Lowery, Mo.App., 210 S.W.2d 1011, 1015(3).

had a penchant for applying the concept of joint adventure [an American concept of comparatively recent origin (Neville v. D'Oench, 327 Mo. 34, 59, 34 S.W.2d 491, 503)] as a device for doing substantial justice, but they have not hesitated to deny such pleas where the concept would work injustice. 41 Cornell Law Quarterly 640, 652–653.

Narrowly limiting the instant decision to the question of pleading here presented, the judgment of dismissal is set aside and the cause is remanded with leave to plaintiff to file an amended petition, if she is so advised [cf. Wright v. Fick, Mo.App., 275 S.W.2d 607, 611(5)], and for further proceedings not inconsistent herewith.

McDOWELL, P. J., and RUARK, J., concur.