**SHAWNEETOWN FEED AND SEED COMPANY, a corporation, Plaintiff-Appellant,**

v.

**R. N. FORD and Clara Marie Ford (Mrs. R. N. Ford), Defendants-Respondents.**

**No. 33895.**

St. Louis Court of Appeals,
Missouri.

April 27, 1971.

Motion for Rehearing or to Transfer to Supreme Court Denied May 25, 1971.

Buerkle & Lowes, Jackson, for plaintiff-appellant.

Kenneth W. Shrum, Marble Hill, for defendants-respondents.

WOLFE, Judge.

This is an action brought on an account owing for seed corn against R. N. Ford who operated a combination grocery, feed and grain store. His wife, Clara Marie Ford, was joined as a party defendant on the theory that she was a partner in the business. A jury was waived and the trial was to the court. At the close of plaintiff's case the court sustained a motion to dismiss as to Mrs. Ford. Defendants rested their case without putting on any evidence and a judgment of $1,000 with interest was entered against R. N. Ford. The plaintiff corporation appealed, contending that the judgment should have been entered against both defendants.

There is no question before us relating to the amount owing to the plaintiff for the grain purchased. The points raised by the plaintiff all relate to the court dismissing as to Clara Marie Ford. It is contended here as it was below that the plaintiff made a *prima facie* showing that Ford and his wife were partners in the operation of the store and that the judgment should have been entered against both of them and not against R. N. Ford alone.

The testimony given by the officers of plaintiff corporation was that they had an account under the name of Ford Grocery and that payment was made to them by check. Printed at the top of the checks was R. N. Ford Grocery and Feed and Grain. They did not know whether Mrs. Ford signed any of the checks they received, but she did sign some. Neither did they know anything about the account that they were serving except that they carried it as Ford Grocery Company. No one testified that the defendants were partners in the operation of the store.

There was evidence that the Fords had a bank account at the Bollinger County Bank and another account at the Bank of Marble Hill, Missouri. Either party was authorized to sign checks on the accounts. A deposition of Mrs. Ford was offered in evidence by the plaintiff against interest. She stated in the deposition that both she and her husband had worked in the store together and that he kept the books. She did, however, occasionally write checks in payment of items delivered to the store. They both owned the store building and lived back of it until recent times when they moved to another house owned by both of them. She received no salary for her work but just worked "to help out." She drew upon the joint bank account for family expenses. The store had been closed prior to the time of trial but for about a year before it closed Mr. Ford had been working as a truck driver and Mrs. Ford was in the store most of the time.

In contending that the court erred in dismissing the action as to Mrs. Ford, it is first asserted that the existence of a partnership was not disputed. The plaintiff relies upon Civil Rule 55.16, V.A.M.R., which provides: "When parties sue or are sued as a partnership, and the names of the partners are set forth in the petition or counterclaim, the existence of the partnership shall be deemed confessed unless it is denied by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge." We do not see how the rule aids the plaintiff's contention for the answer filed by the defendant states: "* * * Mrs. R. N. Ford, is not the owner, operator or partner or in any other way connected with Ford's Grocery Store or any other business in Bollinger County, Missouri." And: "* * * Defendants state that Mrs. R. N. Ford is, in no way, an owner, operator or partner in Ford's Grocery Store, but that Mr. R. N. Ford is the sole and only owner, operator, and manager of Ford's Grocery Store which is located in Bollinger County, Missouri."

This quite adequately denies the partnership and put in issue the question of its existence.

■ It is next asserted that the evidence presented by plaintiff made *prima facie* proof of a partnership. This assertion is predicated in part upon § 358.070(4), RSMo 1959, V.A.M.S., which states: "The receipt by a person of a share of the profits of a business is *prima facie* evidence that he is a partner in the business, but no such inference shall be drawn if such profits were received in payment: * * *." This section is without application of the facts here considered. There is no evidence Mrs. Ford shared in the profits of the store. She drew from the checking accounts for family expenses but this was not for herself and was nothing more than the use of her husband's funds, with his consent, to carry out his obligation as a husband and father to support his family. Nor is there any proof that the Ford Grocery showed any profit.

Partnership must be proven by clear and convincing evidence. As in cases seeking to hold a husband and wife as joint adventurers, the joint maintenance of a home by a husband and wife does not create a partnership, nor does the ownership of property by husband and wife as tenants by the entirety. Fish v. Fish, Mo.App., 307 S.W. 2d 46, 1. c. 52. A partnership does not arise necessarily by reason of a wife working in her husband's place of business, particularly when she works simply to "help out." Miller v. Miller, 311 Mo. 110, 277 S.W. 922. As stated in Fish v. Fish, *supra,* in husband and wife cases the very nature of the relationship of parties tends to submerge adversity of individual interests. Prasse v. Prasse, Mo., 77 S.W.2d 1001; Johnson v. Johnson, Mo.App., 270

S.W.2d 65; State ex rel. Sirna v. Johnson, Mo.App., 287 S.W.2d 114; Cooper v. Freer, Mo.App., 385 S.W.2d 340. For the reasons stated, the plaintiff's evidence failed to establish the existence of a partnership between Ford and his wife.

■ As above set out, at the conclusion of the plaintiff's case, defendants moved to dismiss as to defendant Mrs. R. N. Ford and the court stated: "Motion to Dismiss as to defendant Mrs. R. N. Ford is sustained. I don't think you can consider he had a joint bank account with her. She had authority to write checks. She was helping him run his grocery store."

The defendants then rested their case and thereafter the attorney for the plaintiff stated: "We would like a finding of fact." The court replied: "You asked for that too late," and entered judgment against Mr. R. N. Ford. It is contended that the action of the court was in violation of Civil Rule 73.01, V.A.M.R., which requires the court to " * * * dictate to the court reporter, or prepare and file a brief opinion containing a statement of the grounds for its decision * * * and may, or if specifically requested by counsel, shall, include its findings on any of the *principal controverted fact issues.* * * *." (Emphasis ours.) The statement made by the court was sufficient compliance with the rule. The evidence here presented no controverted fact issue. The question before the court was whether the only facts presented established in law a partnership and it properly found that they did not. State ex rel. O'Brien v. Petry, Mo.App., 397 S.W.2d 1.

Judgment is affirmed.

BRADY, P. J., and DOWD, J., concur.