FIRST NATIONAL BANK, PARA-
GOULD, ARKANSAS, Appellant,

v.

SOUTH SIDE NATIONAL BANK, Carl
J. Moore, a/k/a Carl J. Moore, Jr.,
Respondent.

No. 44288.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 21, 1982.

Andrew A. Rimmel, Clayton, for appellant.

V. Jack Muehlenkamp, St. Louis, for respondent.

STEPHAN, Judge.

This is an appeal from a summary judgment granted by the Circuit Court of St. Louis County on the basis of a registered Arkansas judgment against Carl J. Moore. Summary judgment was granted in favor of South Side National Bank as garnishee. On the basis of the record before us, we are of the opinion that summary judgment was improvidently granted. We, therefore, reverse and remand for further proceedings.

Plaintiff, the First National Bank of Paragould, Arkansas, obtained a judgment against "Carl J. Moore, the same person as Carl J. Moore, Jr., who does business under the name and style of Moore's Used Cars." The judgment was entered by the Chancery Court of Greene County, Arkansas on January 24, 1980. The Arkansas action stemmed from Moore's conversion of an

automobile he had originally sold in Arkansas. Plaintiff held a security interest in this automobile. Moore removed the automobile to Missouri and sold it to an innocent purchaser. The Arkansas court, in addition to awarding plaintiff a judgment of $9,786.39, plus interest and costs, specifically found that Carl J. Moore (also known as Carl J. Moore, Jr.) did business as an individual under the name of Moore's Used Cars. This judgment was thereafter registered in Missouri by order of the Circuit Court of St. Louis County. The jurisdiction of the Arkansas court and the form of the judgment are not challenged.

Subsequent to this registration, plaintiff caused a garnishment to be directed against South Side National Bank as garnishee. Plaintiff sought to garnish a checking account established in 1970 with South Side Bank under the name of "Moore's Used Cars," an unincorporated business "owned entirely by the undersigned," C.J. Moore, Jr., Anita K. Moore. Each of these individuals, who are husband and wife, was authorized by the document establishing the account to write checks on it. The document does not identify either person as the "depositor," does not specify the nature of their interest in the account other than their ownership of the unincorporated business, nor does it state the relationship of the authorized signatories as husband and wife.[1] Similarly, the document is silent as to the rights of either person as the survivor of the other. As indicated, the document provides that the account is "to be known as Moore's Used Cars." After the garnishee bank received service of the garnishment summons filed by plaintiff, the garnishee transferred all funds from the account and credited the same to a loan account which it maintained with "Moore's Used Cars," as debtor and which was guaranteed by Carl J. Moore and Anita K. Moore.

No findings of fact or conclusions of law were requested by either party, and none was entered by the trial court. We, therefore, do not know on what theory the trial court based its view that the verified documentation before it constituted "unassailable proof" that the garnishee bank was entitled to judgment as a matter of law. Rule 74.04.

In its brief, plaintiff-appellant advances several arguments supporting its theory that funds in the "Moore's Used Cars" account were subject to garnishment. Firstly, plaintiff contends that the account is not a joint account in the name of Carl J. Moore and Anita K. Moore but rather a business account in the name of Moore's Used Cars. Secondly, plaintiff argues that even if this were a joint account, all of the funds in it were contributed by Carl J. Moore, doing business as Moore's Used Cars, thus the sole property of Carl Moore and subject to garnishment. Finally, plaintiff contends that even if Moore's wife had an interest in the account, such interest arose solely from her interest in Moore's Used Cars.

All of these arguments are based upon inferences which the plaintiff bank would have us draw from the document creating the account and from the absence of evidence to the contrary.

In support of the propriety of summary judgment in its favor, the garnishee bank argues that the checking account was invulnerable to garnishment for the reasons that the account was a joint account held as a tenancy by the entirety under § 362.470, RSMo 1978; that the account was held by the entirety even if only Carl Moore contributed to it; and, that in any event, the account could not be regarded as a partnership account because the existence of partnership was not pleaded or proved and the underlying judgment was solely against Carl J. Moore.

First, we consider the effect of § 362.470 upon the account. In *Thummel v. Thummel,* 609 S.W.2d 175, 181 (Mo.App.1980), it was said that "the plain language of the statute" compelled the conclusion that the statute did not create a joint tenancy unless (a) the deposit was in the name of the

---

1. The latter fact is admitted by the garnishee bank in its brief.

depositor and another; and, (b) it must be a form so as to be paid to either or both. Thus, *Thummel* held that where an account was in the name of an unincorporated business entity (Thummel Construction Company) a joint account was not created even though both husband and wife were shown as authorized signators, the theory being that the depositor contemplated by § 362.-470 is the business entity, not the authorized signators regardless of their marital relationship. As noted in *Thummel,* supra, 181, *Pollock v. Brown,* 569 S.W.2d 724 (Mo. banc 1978) is also authority for the view "that the account must be in the name of the depositor *and* the other tenant to qualify as a statutory joint tenancy."

■■■ These authorities are also dispositive of any argument that the account here in question established a statutory tenancy by the entirety under subsection 5 of § 362.470 which provides: "Any deposit made in the name of two persons or the survivor thereof who are husband and wife shall be considered a tenancy by the entirety unless otherwise specified." Here the account was "to be known as," that is to say, to be "in the name of" Moore's Used Cars. The quoted subsection of the statute cannot, on the basis of the record before us, operate to create a statutory tenancy by the entirety. And, as discussed in *Thummel,* while a possibility of a common law tenancy by the entirety may still exist, ordinarily such an account must be in the *name of a person* and another. See *Fulton v. Fulton,* 528 S.W.2d 146 (Mo.App.1975); *In re Estate of Fugett,* 564 S.W.2d 628 (Mo.App.1978). Similarly, the existence of a partnership cannot be said to arise out of the mere coexistence of names as authorized signators of a bank account in yet another name. See *Shawneetown Feed and Seed Company v. Ford,* 468 S.W.2d 54 (Mo.App.1971).

■■■ In short, a case presenting the bare facts which were before the court nisi, and which are before us on this record, simply does not lend itself to disposition by summary judgment. And it matters not that, upon submission to the trial court, both parties stipulated that there was "no further evidence or testimony to be presented."

The use of summary judgment to dispose of cases where no substantial issue of material fact exists is to be encouraged. The converse, however, is equally true. Summary judgment is not an appropriate method of disposition where there is the slightest doubt as to the material facts. See *State ex rel. McDonnell Douglas v. Gaertner,* 601 S.W.2d 295, 298 (Mo.App.1980). As mentioned, Rule 74.04(h) authorizes summary judgment only where "the prevailing party is shown by unassailable proof to be entitled thereto as a matter of law." It is axiomatic that doubt can arise as readily from the absence of objective certainty as from the presence of controversy. The party who is granted summary judgment must show his entitlement affirmatively and that "the other party would not be entitled to recover under any discernible circumstances." *Brummet v. Livingston,* 384 S.W.2d 101, 103 (Mo.App.1964). Such a level of certainty was never achieved here: Mrs. Moore's relationship to the business of Moore's Used Cars was never explored, nor was her contractual relationship with the garnishee bank plumbed to any extent. Cf. *Hilke v. Bank of Washington,* 251 S.W.2d 963, 964–965 (Mo.App.1952). It is not known whether she participated in her husband's business in any way. The trial court could not know from the record whether Mrs. Moore was innocently ignorant of the business of Moore's Used Cars or possibly maintained a facade of ignorance to provide a shelter for the illicit fruits of her husband's business dealings through a fictitious name. We suggest no factual conclusion for none is possible, nor was one possible for the trial court.

The judgment is, therefore, reversed and remanded for further proceedings consonant with the foregoing.

STEWART, P.J., and CRANDALL, J., concur.