**Glen Edward ANDERSON,
Plaintiff-Respondent-Appellant,**

v.

**Joe CHILDERS, d/b/a Joe's Tire
Shops, Defendant-Appellant,**

**and**

**Iona Darlene Childers, d/b/a Joe's Tire
Shops, Defendant-Respondent.**

Nos. 13627, 13629.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 30, 1985.

Motion for Rehearing or to
Transfer to Supreme Court
Denied Feb. 14, 1985.

Application to Transfer Denied
April 2, 1985.

David F. Sullivan, Hulston, Jones & Sullivan, Springfield, for plaintiff-respondent-appellant.

Loren R. Honecker, Sherwood, Honecker & Bender, Springfield, for defendants-appellant and respondent.

GREENE, Judge.

Plaintiff, Glen Edward Anderson, sued Joe Childers and Iona Darlene Childers (Darlene), d/b/a Joe's Tire Shops. The petition alleged that Joe and Darlene, who were husband and wife, were the owners and operators of the tire shop, and that, because of their negligence, Anderson, an employee of the tire shop, suffered a severe injury to his left eye. The injury occurred when Anderson, while using an ice pick to puncture an air bubble in a separation between the rubber and cord on a used tire, was struck in the eye by the pick. The ice pick penetrated his eyeball, necessitating surgery to attempt to repair the damage.

Anderson alleged Joe and Darlene had not instructed him how to puncture the air bubbles with the ice pick in a safe manner, and failed to provide him with safety goggles to use while he was performing dangerous duties.

A jury returned a verdict against Joe and Darlene [1] in the sum of $200,000. After the jury was discharged, evidence was heard concerning $1,500 paid to Anderson after his injury, for which he had performed no services, and payments of a doctor bill in the sum of $670 and a hospital bill in the sum of $1,463.34 which were incurred by Anderson for treatment of his injury. All of the payments had been made by Joe Childers. The trial judge applied these sums, which amounted to $3,633.34, as credits against the jury verdict amount and, on November 4, 1983, entered judgment for Anderson and against Joe and Darlene Childers in the sum of $196,366.66.

Later, on motion by Darlene, the trial court set aside the judgment against Darlene, and entered judgment in her favor, notwithstanding the verdict. It also overruled Joe Childers' motion for new trial which, among other things, alleged excessiveness of verdict.

Anderson appeals the trial court's action in entering judgment for Darlene notwithstanding the jury verdict. Joe Childers appeals, claiming instructional error, and also that the verdict was so excessive that it reflected bias and prejudice of the jury against the defendants.

In his letter memorandum advising the attorneys for the parties of his rulings, the trial judge stated that Anderson had failed to prove Darlene had a "legal interest in the business," and, therefore, could not be held liable as a co-owner of the business. He also observed that Anderson's eye injury was serious and permanent, and that the verdict was not excessive.

The main thrust of Anderson's appeal is that the trial court erred in setting aside the jury verdict in Darlene's favor and in entering judgment for her, notwithstanding the verdict, because 1) such ruling was against the weight of the evidence, 2) the trial court did not give Anderson the benefit of all favorable inferences to be derived from the evidence, and 3) the trial court considered evidence favorable to defendants in arriving at its conclusion.

In our review of this issue, we view the evidence in the light most favorable to Anderson, giving him the benefit of all reasonable inferences to be derived from the evidence, and disregarding any contrary evidence. *Dilts v. Lynch*, 655 S.W.2d 118, 119 (Mo.App.1983). We are mindful that a motion for judgment notwithstanding the verdict presents the same question as a motion for a directed verdict before judgment, which is, did plaintiff make a submissible case on the issue? If he did, the sustaining of such a motion is error. *Dockery v. Mannisi*, 636 S.W.2d 372, 376 (Mo.App.1982).

---

**1.** Joe Childers had elected not to carry Workers' Compensation insurance, thus giving Anderson the right to bring a tort action against Joe and Darlene.

The following evidence favorable to Anderson was introduced at trial:

1) Darlene worked at the tire shop on a day-by-day basis, and was not an employee of the business, as she was not paid a salary or hourly wage.

2) Darlene was a joint owner with Joe of the real estate upon which the building housing the tire business was located.

3) Joe and Darlene had started the business together in 1972. The tire shop sold new and used tires, and repaired used tires. They had worked together in the business.

4) Darlene had signature authority on the business checking account, and sometimes wrote checks on that account.

5) Darlene co-signed notes and other loan documents with Joe when it was necessary to borrow money for the business.

6) Employee Rick Young, in the absence of his supervisor, Ron Potts, took orders from Darlene.

7) Darlene had evaluated the job performance of Anderson, decided it was unsatisfactory, and had discussed such conclusion with Potts before Anderson was injured.

8) After Anderson was injured, Darlene told her husband to take Anderson to the same doctor "that they (meaning Joe and Darlene) used before."

9) After Anderson was injured and filed suit, all of the assets of the tire business were transferred to a new corporation known as Joe's Tire Shop, Inc. Joe and Darlene signed the Articles of Incorporation as incorporators, and were listed as the only shareholders of the corporation. A legitimate inference from this course of action is that Joe *and* Darlene were attempting to immunize their assets from attachment or garnishment by Anderson if he prevailed in his lawsuit against them.

■ While it is true that some of this evidence, standing alone, would not support an inference that Joe and Darlene were co-owners of the business, such as the joint business bank account, *see First National Bank, Paragould, Arkansas v. South Side National Bank*, 644 S.W.2d 377, 379 (Mo.

App.1982), and the fact that Darlene worked in the tire shop without being paid wages or a salary, *see Shawneetown Feed and Seed Co. v. Ford*, 468 S.W.2d 54, 56 (Mo.App.1971), the sum total of the evidence, in our opinion, made a submissible case as to whether Darlene was a co-owner of the tire shop. The jury decided that she was, and their verdict on that issue is supported by substantial evidence, and is not against the greater weight of the evidence. The trial court erred in setting aside the jury verdict against Darlene, and in entering judgment in her favor, notwithstanding the jury verdict.

■ The first contention of Joe Childers in his appeal is that the trial court erred in submitting plaintiff's verdict directing instruction because one of the disjunctive submissions of the instruction (failure to establish a work rule requiring employees to wear safety glasses while performing hazardous tasks) was not supported by substantial evidence. Childers did not raise this issue at trial, or in his motion for new trial. The point was not preserved for appellate review. *Kinser v. Elkadi*, 674 S.W.2d 226, 231 (Mo.App.1984).

■ In his remaining point, Childers maintains that the $200,000 verdict was so grossly excessive as to indicate that it was the result of bias and prejudice on the part of the jury. A jury and a trial judge are in a much better position than an appellate court to determine what amount of money is just compensation for an injured plaintiff, *McKinley v. Vize*, 563 S.W.2d 505, 514 (Mo.App.1978), and, as a result of that fact, appellate courts will not rule a jury verdict upheld by the trial court as excessive, unless it is so grossly excessive as to offend all sense of right. *Smith v. Whalen*, 613 S.W.2d 868, 871 (Mo.App.1981). Such is certainly not the case here.

■ The evidence is undisputed that Anderson suffered a severe puncture wound injury to his left eyeball from the ice pick injury. He testified that he suffered severe pain from the injury, and that his eyesight is much worse after the accident than it was before. He had surgery by one specialist to repair the puncture wound,

and later had surgery by another specialist to repair a detached retina. While that doctor found indicia of some retinal problem in the eye independent of, and prior to, the ice pick injury, he testified that the detached retina problem was consistent with the ice pick injury, and that, in his opinion, the ice pick injury aggravated any pre-existent retinal detachment problem.

In a case of similar injury, a jury returned a verdict of $750,000, which was upheld by the appellate court. *Bender v. Burlington-Northern R.R. Co.*, 654 S.W.2d 194 (Mo.App.1983). Considering all of the evidence, we do not feel the verdict was excessive. The point is denied.

The ruling of the trial court setting aside judgment against defendant Iona Darlene Childers in the sum of $196,366.66 and entering judgment in her favor is reversed and set aside, and the trial court's judgment of November 4, 1983, entering judgment in favor of plaintiff Glen Edward Anderson and against defendants Joe Childers and Iona Darlene Childers in the sum of $196,366.66 is reinstated.

TITUS, P.J., and FLANIGAN, J., concur.