**JOHNSON v. JOHNSON.**

No. 7248.

Springfield Court of Appeals.

Missouri.

July 15, 1954.

J. A. Appelquist, Jack L. Hobson, Mt. Vernon, Luther Adamson, Kansas City, for appellant.

Royle Ellis, Cassville, Stemmons & Stemmons, Mt. Vernon, for respondent.

BLAIR, Judge.

Hancel E. Johnson, a resident of Lawrence County, Missouri, died intestate August 11, 1951. He left surviving him his widow Zella Johnson, appellant herein, and several other persons related to him by blood or consanguinity. Among others surviving him was L. O. Johnson, a brother, the respondent in this case. There were no living children of the marriage between deceased and the appellant.

On September 6, 1951, appellant filed in the Probate Court of Lawrence County, a statement in relation to the death of Hancel E. Johnson, giving the names, relationship and residence of his heirs and agreeing to administer the state of deceased, to make a perfect inventory of his estate and faithfully administer said estate. She was thereupon, by the Probate Court of Lawrence County, appointed as administratrix thereof, with full power and authority to secure and dispose of the property of the deceased. Her share of her deceased husband's estate, as his widow, would have been one-half thereof.

On September 22, 1951, administratrix, in addition to her share as widow, claimed to have been a business partner of her late husband, and claimed an interest as such in the estate of her husband, after describing in detail all of the property of such estate, stating that, "the foregoing is a full inventory and description of all the Moneys, Goods, Chattels and Estate, Real and Personal, Books, Papers, Evidences of Debt, and of title of the said deceased, and of all debts due or becoming due, so far as she can ascertain them and an appraisement of all the property subject to appraisement of Hancel E. Johnson and that she was not indebted or bound in any contract to the deceased at the time of his death, except as stated in said inventory and appraisement."

Deceased's estate did not include trust funds in the Union National Bank of Springfield, Missouri, nor certain lands. Those items are involved in another lawsuit.

On October 20, 1951, respondent, then plaintiff, filed the action now before us, charging that appellant, then defendant, was guilty of concealment or unlawfully withholding of property of said deceased. The Probate Court thereupon cited appellant to appear at the November term of said court to answer the interrogatories of the then plaintiff. On December 10, 1951, appellant filed an answer to the interrogatories of respondent, claiming to have an interest in the property of deceased, as his business partner, which was greater than her interest therein as the widow of deceased. To this claim, respondent filed a reply.

Trial by jury in the Probate Court resulted in a verdict for the administratrix. On November 24, 1952, respondent, then plaintiff, filed his affidavit, appealing from such verdict, and the case was sent to the Circuit Court of Lawrence County.

On January 30, 1953, appellant filed her application for change of venue. The cause was originally assigned to Division 2 of the Circuit Court of Greene County. That order was later set aside by the agreement of the parties. The Chief Justice of the Supreme Court of Missouri sent Honorable Joe C. Crain, of the 31st Judicial Circuit of Missouri, to try the case, and he assumed

jurisdiction and proceeded to try the case, with the aid of a jury.

Trial before Judge Crain was begun May 19, 1953, and again resulted in a verdict for the administratrix. A motion for a new trial, or sustentation of a motion of respondent for a directed verdict, was sustained by the trial court, and the case is thus before this Court, upon appeal by the administratrix, as appellant.

The administratrix was not permitted to testify as a witness, because of her interest in the case, since the other party was dead. Such is the general rule. 58 American Jurisprudence, Section 274, page 175. No complaint is made in appellant's brief as to this rule.

The trial court later not only sustained the motion for a new trial, but ruled that he should have directed a verdict for plaintiff below at the conclusion of respondent's testimony.

The main question in this case is the sufficiency of the evidence as to the partnership. While a partnership may be shown by oral testimony or the circumstances of the case, such testimony must be clear and certain. Appellant has cited 68 C.J.S., Partnership, § 57, page 476, as holding that a partnership may be shown by oral testimony. If counsel had read the following sentence, they would not have been so sure that partnership can be established by oral testimony alone. They would have noticed that the same authority cited said: "The absence of a written partnership agreement, while not conclusive, is evidence against the existence of a partnership".

Plaintiff cites Burroughs v. Lasswell, Mo.App., 108 S.W.2d 705. That case was by this Court, and the opinion was written by Allen, P. J. That was really not a partnership case at all. Plaintiff had to establish a partnership between Lasswell and another before he could recover from Lasswell.

■ Conceding that a partnership may be established by oral testimony or by circumstances, such testimony or such circumstances must point convincingly to the existence of the partnership. Prasse v. Prasse, Mo.Sup., 77 S.W.2d 1001; Chapin v. Cherry, 243 Mo. 375, 147 S.W. 1084; Medlin v. Morris, 243 Mo. 260, 148 S.W. 85; Dixon v. Dixon, Mo.Sup., 181 S.W. 84; Van Hoose v. Smith, 355 Mo. 799, 198 S.W.2d 23; Schneider v. Schneider, 347 Mo. 102, 146 S.W.2d 584.

■ There is no evidence whatever that deceased took any action such as would be expected of a partner. There is only proof that he referred to his wife occasionally as his partner. Something more than that must be shown to establish a partnership.

Exhibits 4 and 5 were omitted from the transcript, although listed therein. It was necessary for us to direct our Clerk to write to counsel for the exact language of those exhibits, and they are now before us. Those exhibits show that the certificates of title mentioned therein were made to Hancel E. Johnson, without mentioning appellant at all. Those exhibits were dated many years after the administratrix claimed that such partnership existed. Even with a reference thereto in the transcript, it seems to us that the acceptance of those certificates of title for many years without any protest from a claimed partner who had them, has considerable weight against the claim of partnership by appellant.

■ We feel that the evidence claimed by appellant to establish a partnership is far short of the evidence required to make the claimed existence of such partnership a jury question.

The action of the trial court in sustaining plaintiff's motion for judgment in accordance with plaintiff's motion for directed verdict at the close of the evidence, and in entering judgment for plaintiff, should be and is approved and affirmed.

It is so ordered.

McDOWELL, P. J., and STONE, J., concur.