Pete **TRUNKO**, (Plaintiff) Respondent,

v.

**SOUTHWESTERN BELL TELEPHONE COMPANY and Plez Lewis & Son, Inc., a Corporation, Defendants,**

**Plez Lewis & Son, Inc., a Corporation, (Defendant) Appellant.**

No. 30813.

St. Louis Court of Appeals.

Missouri.

Dec. 19, 1961.

Leo A. Politte, Washington, for appellant.

Jeremiah Nixon and Thurman, Nixon & Blackwell, Hillsboro, for respondent.

JOHN J. KELLY, Jr., Special Judge.

This is an appeal from a judgment entered by the Circuit Court of Franklin County, State of Missouri, on Count II of Defendant's First Amended Counterclaim; the only assignment of error is that the trial court erred in refusing to receive into evidence certain of Defendant's exhibits. The trial court entered judgment for the Plaintiff on Count II of his petition. Southwestern Bell Telephone Company, one of the defendants below, is not a party to this appeal. Hereinafter, the plaintiff below, Pete Trunko, shall be referred to as Respondent and the defendant below who has brought this appeal, Plez Lewis & Son, Inc., as the Appellant.

Appellant's First Amended Counterclaim in Count II alleged that the Respondent was at all times associated with or engaged in business with William Wideman, Cement Contractor, but that it did not know the exact nature and association between Wideman and the Respondent; that during 1957 Appellant was the General Contractor on a construction job at Fulton, Missouri, and that Respondent and Wideman were the subcontractors on the Fulton job; that in order to complete the job, secure lien waivers and receive payment from the owner the Appellant paid and took up insufficient fund checks executed by the Respondent or his authorized agents, in his behalf, amounting to the sum of $762.05 for money had and received for which payment had been demanded and refused.

Respondent's Answer to Count II of Appellant's First Amended Counterclaim denied that Respondent was a partner with Wideman on the Fulton job and that he had a contract with defendant for construction on that job.

Appellant's evidence was as follows: Appellant was a general contractor and Respondent a concrete subcontractor. Appellant had subcontracted concrete work to Wideman and Respondent on a telephone building in Union, Missouri, and a public

school in St. Clair, Missouri. On each of those jobs both Wideman and Respondent executed the contracts. A third job—and the one here in issue—was for work on a church in Fulton, Missouri. The contract for the Fulton job was introduced into evidence as Exhibit EE by Appellant at the trial of the case, and it was identified as a "Purchase Order." The contract was prepared on a form of Plez Lewis & Son, Inc. and signed for the appellant by Arthur Lewis, President. The party of the second part was "Wm. Wideman, Cement Contractor, Rural Route 11 Box 657, Baumgartner Road, Lemay, 23, Missouri." The contract identified the project as "Court Street Methodist Church" and was dated July 8th, 1957. The signature of Wm. Wideman appeared on the contract beneath "Accepted: Wm. Wideman, Cement Contractor." On the 5th day of August, 1957, the Respondent appeared at Appellant's office, obtained $1,500.00 from Arthur Lewis, President of Appellant, and executed Exhibit DD, which is a receipt as follows:

"Arthur A. Lewis    Plez E. Lewis
Secretary-Treasurer    President
Plez Lewis & Son, Inc.
General Contractors
445 West Gravois Phone St. Clair 47
St. Clair, Missouri
August 5th, 1957

Received from Plez Lewis & Son, Inc. 1500.00 on the Contract on the Fulton job. #48

        /s/ Peter Trunko
          Peter Trunko"

Respondent came seeking money because there were, at the time, a number of insufficient fund checks issued to employees by William Wideman, cement contractor, and signed by the respondent in the St. Clair and Union area, and respondent wanted to pick these up. Lewis checked the accounting on the jobs and concluded that there was no money due on the St. Clair and Union jobs because appellant had been paying Wideman as the jobs progressed.

Lewis also checked the Fulton job and informed respondent that there was some money due on the Fulton job, whereupon respondent advised Lewis that he, the respondent, was a partner on all of Wideman's operations and that he didn't care where he got the money, just so he got it. Respondent was then given the $1,500.00, signed the receipt, and left. Lewis identified Respondent's signature on the receipt. Thereafter, on August 6, 1957, appellant picked up a check, Exhibit AA, dated July 19, 1957, payable to Wm. Hubbard in an amount of $57.96 drawn on the Arnold Savings Bank and signed, "Wm. Wideman Cement Contractor Peter Trunko." This check had been returned from the bank because there were insufficient funds in the account. On August 13, 1957, appellant picked up a check, Exhibit BB, dated July 19, 1957, payable to Charlie Barnard in an amount of $51.50 drawn on the Arnold Savings Bank and signed, "Wm Wideman Cement Contractor Peter Trunko." This check, too, was returned from the bank because of insufficient funds in the account. On August 12, 1957, appellant picked up a check, Exhibit CC, dated July 19, 1957, payable to Edward Anderson in an amount of $79.42 on the Arnold Savings Bank and signed, "Wm. Wideman Cement Contractor Peter Trunko." This check, too, was returned from the bank because of insufficient funds in the account.

Exhibits FF through OO are checks picked up by appellant and dated July 30, 1957, payable to separate individuals who were employed on the Fulton job either as day laborers or journeymen, and each signed by Jessie P. Fain, the supervisor on the job for Wideman. These checks had also been returned by the bank because of insufficient funds in the bank account. These were excluded from evidence by the trial court.

This case was tried to the Court without a jury, and at the close of the appellant's case on Count II of the First Amended Counterclaim, respondent orally filed his motion for a directed verdict "because under the pleadings and under the evidence the

defendant has failed to prove a submissible case against this plaintiff." Respondent's motion was denied and the respondent offered no evidence but stood on his motion. Judgment was entered for the appellant on Count II of its First Amended Counterclaim in the amount of $188.88—the total of Exhibits AA, BB and CC. In due time appellant filed its motion for new trial on the grounds that the trial court erred in refusing to receive in evidence Exhibits FF to OO, inclusive. This motion for new trial was overruled and appellant perfected its appeal from this action of the trial court in proper time.

▇▇▇▇ Appellant tried its case on the theory that respondent was a partner of Wideman on the Fulton job and therefore liable to the appellant on the checks it had to pick up to obtain lien waivers from the laborers. It contends that even if respondent was not Wideman's partner on the Fulton job, he should be estopped from denying the partnership because he held himself out to appellant's president to be such and relying on these representations appellant acted to its detriment. If appellant's evidence was sufficient to prove a partnership, either in fact or by estoppel, then Exhibits FF through OO, inclusive, would be admissible against the respondent and the trial court's exclusion of these exhibits was error. Because this case was tried to the Court without a jury, it is the duty of this court to review the case upon both the law and the evidence as in suits of an equitable nature. We are not bound by any conclusions reached by the trial court, either as to the facts or the law; however, in reaching our conclusions, due regard should be given to the opportunity of the trial court to judge of the credibility of the witnesses. Nor should the judgment of the trial court be set aside unless clearly erroneous. Section 510.310 R.S.Mo.1959, V.A.M.S. and Supreme Court Rule 73.01(d) V.A.M.R.

There was no evidence in this case of a written partnership agreement between respondent and Wideman, and to establish this relationship between respondent and Wideman appellant relied on:

1) Exhibits AA, BB and CC—the checks bearing Respondent's signature;

2) Exhibit DD—the receipt for $1,500.00 bearing Respondent's signature; and

3) Respondent's statement to Appellant's president that he was a partner in all of Wideman's operations.

Even the contracts on the St. Clair and Union jobs would not aid the appellant in this respect because in each of those the respondent did sign the contracts, whereas he did not sign the contract on the Fulton job. Exhibits AA, BB and CC bore respondent's signature and were therefore admissible against him even if he was not a partner with Wideman on those jobs, because he did not sign these checks in a restrictive sense. The receipt—Exhibit DD —is in conflict with the testimony of Arthur Lewis, President of the appellant, who testified that this money was given to the respondent on the Fulton account from monies due to Wideman on that job. On its face, in handwriting, appears: "$1,300.00 on Fulton job—$200.00 on St. Clair." Since the record is bare of any evidence as to when work was commenced on the Fulton job and the disbursement of these funds, we cannot say that the trial court had to find that respondent received all of this money as a partner on both of the jobs. The court could find from the evidence that $200.00 of this money was on the St. Clair job and that the $1300.00 on the Fulton job was received by the respondent for Wideman in any one of a number of capacities.

▇▇▇ While a partnership may be shown by oral testimony or the circumstances of the case, such testimony must be clear and certain, and the absence of a written partnership agreement, while not conclusive, is evidence against the existence of a partnership. Johnson v. Johnson, Mo.App., 270 S.W.2d 65, loc. 67; 68 C.J.S. Partnership

§ 57, page 476. The trial court had the benefit of observing the witnesses and could better determine what weight to give the testimony relative to the oral statement attributed to respondent at the time he obtained the money on the 5th of August, 1957; and this Court cannot say that the trial court erred in concluding that this oral testimony, together with the circumstances of the case, was not so clear and certain that it overcame the absence of a written partnership agreement between respondent and Wideman.

We must next consider whether appellant has sufficient evidence to invoke the theory of estoppel against respondent. Appellant rests this basis of recovery upon the statement of respondent to Mr. Lewis, appellant's president. The testimony is uncontradicted by respondent since respondent presented no evidence. Nevertheless, the trial court, as the finder of facts, was at liberty to disregard this evidence if it saw fit; and apparently this is what it did. This court should give due regard to the opportunity of the trial court to judge of the credibility of the witnesses and the weight to be given their testimony; and from the record before this court we cannot find any basis to convict the trial court of error in this respect.

Taken in its entirety, the evidence offered by the appellant at the trial did not meet the burden of proving a partnership between the respondent and Wideman on the Fulton job, either in law or by estoppel; having failed to prove the partnership Exhibits FF through OO, inclusive, would not be admissible against the respondent and therefore the trial court did not err in excluding them from evidence.

The judgment of the trial court should be affirmed. It is so ordered.

ANDERSON, P. J., and RUDDY, J., concur.

WOLFE, J., not participating.