VALLEY SAVINGS BANK, Appellant, v. F. D. STAVES et al., Appellees.

No. 44193.

1198

MARCH 15, 1938.

REHEARING DENIED SEPTEMBER 23, 1938.

Clark, Byers & Garber, for appellant.

Lappen, Carlson & Clarke and Emerett C. Hanson, for appellees.

RICHARDS, J.—In this suit in equity plaintiff seeks to recover judgment against the two defendants for the amount of a promissory note plaintiff holds. The note was signed by defendant, F. D. Staves, and his liability was not denied or controverted. The other defendant, Grace D. Staves, was neither a maker, endorser, nor otherwise a party on the instrument. Plaintiff claims that nevertheless she is liable for the amount of the note because, says plaintiff, she was engaged with defendant F. D. Staves in a common or joint adventure to which plaintiff contributed the amount sought to be recovered in this action. Certain other alleged grounds for recovery against Grace D. Staves are unsupported by the evidence, and, being unmentioned by plaintiff in argument, we deem them abandoned. The case was tried upon the merits. The court found that the equities were with the defendants, excepting that plaintiff was entitled to a judgment on the note against F. D. Staves. Accordingly, judgment was rendered against him solely. Plaintiff has appealed and contends that it was also entitled to a

judgment for the amount of the note against defendant Grace D. Staves.

In Tusant & Son Co. v. Chas. Weitz Sons, 195 Iowa 1386, 1388, 191 N. W. 884, 885, we stated:

"A joint adventure must, in all cases, be evidenced by a contract, and like other contracts, it ·need not be express, but may be implied."

In argument plaintiff concedes as much, and makes no claim that there is any evidence tending to establish that there was an express contract between the defendants pertaining to any joint adventure. What plaintiff does urge is that such a contract between the defendants is proven by implication from the facts and circumstances disclosed upon the trial.

These facts and circumstances have their inception in 1904 when F. D. Staves commenced the practice of his profession, dentistry, in Des Moines. From that date until the trial of the case his practice of his profession was continuous. In 1908 he intermarried with defendant Grace D. Staves, and this marital relation of the defendants remained uninterrupted at the time of the trial. In 1912 the father of Mrs. Staves died seized of considerable property. His estate was settled in 1916. Thereupon, as her interest in the estate, Mrs. Staves acquired title to property in the city of Des Moines and farm land in Polk, Webster, Calhoun, and Buena Vista Counties. There were incumbrances upon some of the land and a portion was surrendered to the mortgagees. From a time commencing soon after the acquisition of this property by Mrs. Staves, down to about the commencement of this litigation, defendant F. D. Staves had been the person who attended to all details incidental to the realizing of incomes from the properties, including the making of contracts by which the various tracts have been rented to tenants, the fixing of the terms of the leases, the collecting of the rentals, payment of taxes, and the doing of things that were naturally incidental. It is expressly denied by defendants, testifying as plaintiff's witnesses, that this situation grew out of any agreement or contract with reference thereto. And upon the whole record, we are impressed with the probability that, instead of arising from a mutually binding contract, the assuming of these responsibilities and the doing of these things by F. D. Staves was looked upon and accepted by defendants as

one of the incidental things of their marital relation. From the time of the marriage of the defendants in 1908 F. D. Staves had been the income producer and supporter of the family. This was for a period of eight or more years prior to the acquisition of this real estate by his wife. During that period the income that supported the family had been from the practice of his profession by F. D. Staves. The family income became augmented as revenue from the real estate was realized. With this new income, money from both sources went into same earlier bank account, that of F. D. Staves, without segregation or ear-marking as to source, and from that one fund for the many years prior to the commencement of this suit the family was supported, the children educated. During this long period there was no semblance of any accounting to Mrs. Staves for any income realized by her husband from the real estate she owned, and it is the reasonable inference from the facts and circumstances, buttressed by the testimony of the defendants themselves, that it was never in the mind of this wife or her husband that any accounting to her should ever be made for any of the husband's activities in connection with this real estate. In 1927, F. D. Staves, on his own initiative and without his wife having any part therein, purchased livestock and placed it upon one of the farms, borrowing for that purpose $3,600 from plaintiff's predecessor bank. The livestock was the individual property of F. D. Staves. Other borrowings followed, and plaintiff shows a list of about 65 notes representing these transactions, but without distinguishing between new borrowings and renewals. Grace D. Staves in no way held herself out as having any interest in the livestock transaction; nor did the bank loan the money upon any assumption that she did have. These notes were signed by F. D. Staves, none of them by Grace D. Staves. On January 18, 1933, a note was given by F. D. Staves for $21,000, signed by him alone, due April 18, 1933. It is claimed by plaintiff that this note included the amount due from F. D. Staves upon his borrowings beginning in 1927. It is this note that is set out in plaintiff's petition.

The burden was upon plaintiff to prove the existence of the joint adventure that is the basis of the alleged liability of Grace D. Staves. Smith, Landeryou & Co. v. Hollingsworth, 218 Iowa 920, 251 N. W. 749; Tusant & Son Co. v. Chas. Weitz Sons, 195 Iowa 1386, 191 N. W. 884. It is apparent to us that

the trial court held correctly that plaintiff had not successfully carried this burden; the facts and circumstances in this record being insufficient to establish by implication that the defendants contracted to launch a joint adventure, something akin to a partnership. There is not before us the question as to what inferences there might be were these parties strangers, having divergent and opposing personal interests. In the case at bar the two defendants sustained a personal relationship that, of its very nature, tends to submerge adversity of interests of the individuals. And this relationship is one of the circumstances that, with other facts and circumstances, make up the picture of the situation as it was. Consequently, speaking generally, as compared with transactions between unrelated persons, it is more difficult to say with assurance that, in the case before us, the parties contracted to enter into a joint adventure, to be conducted between F. D. Staves and his wife, for the purpose of realizing profits individually. It is not only conceivable, but we think the most reasonable conclusion from the record, that these transactions between this husband and his wife were in their minds the doing of things called for by and inherent in their relationship. See Sommerfield v. Flury, 198 Wis. 163, 223 N. W. 408. Quite consistently with that view, there was no thought or anticipation on part of the defendants that there would be any accounting to Mrs. Staves, in the capacity of a joint adventurer; this being clearly evidenced from all the facts. and circumstances in the record. Additional to these circumstances is the testimony of Mrs. Staves and her husband to the effect that it was never in the mind of either that Mrs. Staves individually should have any interest in or right to an accounting of any of the income her husband might realize in connection with this real estate. We are persuaded that there is such reasonableness in the testimony of these witnesses, weighed in the light of all other facts and circumstances, that more than is in the record would be necessary for its rejection as the truth of the matter. The record fails to establish that there was a joint business adventure between the defendants. There is an affirmance. Appellee's motion to dismiss appeal overruled.— Affirmed.

STIGER, C. J., and SAGER, HAMILTON, MILLER, DONEGAN, KINTZINGER, ANDERSON, and MITCHELL, JJ., concur.