**FARM BUREAU SERVICE COMPANY OF HARDIN COUNTY, Appellant,**

v.

**H. L. BAVENDER and Helen E. Bavender, Appellees.**

No. 56221.

Supreme Court of Iowa.

April 24, 1974.

Carl R. Letz, Eldora, for appellant.

Boyle, Schuler & Oltrogge, Clear Lake, for appellees.

Heard by MOORE, C. J., and RAWLINGS, REES, UHLENHOPP and McCORMICK, JJ.

REES, Justice.

Plaintiff appeals from judgment for defendant Helen E. Bavender in an action seeking judgment from said defendant based upon plaintiff's claim that Mrs. Bavender was engaged in a joint venture with her husband in the operation of a farm. Trial to the court without jury resulted in the finding below that Mrs. Bavender was not so engaged in a joint venture and was not liable on a promissory note or account. From such ruling adverse to plaintiff, appeal was taken. We affirm.

Plaintiff is engaged in the business of selling at retail petroleum, fertilizers, feeds, chemicals and farm supplies. Defendants H. L. Bavender and Helen E. Bavender were husband and wife and were the owners in joint tenancy of a farm in Hardin County. H. L. Bavender had purchased petroleum products, fertilizers, feeds, and other farm supplies from plaintiff over a period of years. The account was maintained by plaintiff in the name of H. L. Bavender only.

On March 11, 1969 an account was apparently stated between plaintiff and defendant H. L. Bavender, and upon such statement there was found to be due a balance of $9,319.04. On said date H. L. Bavender executed a note running in favor of plaintiff for said amount, which was due nine months from said date, and provided for the payment of interest at the rate of seven percent.

Defendants were subsequently divorced by a decree which vested in Helen E. Bavender sole title to the farm premises and all of the property thereon. Due to the unknown whereabouts of H. L. Bavender, he was not served with notice of the pendency of the suit brought by plaintiff, did not appear in the trial court, and is not a party to this appeal.

Plaintiff in its petition sought recovery from both defendants, alleging they were both indebted to the plaintiff, and asserting the note sued upon constituted a promise on the part of both defendants to pay the face of the note plus interest. Plaintiff further claimed the merchandise which had been sold by plaintiff to H. L. Bavender was used in the joint venture of farming by both defendants and that said items were sold to both defendants on open account with credit being extended to both.

In her answer defendant Helen E. Bavender denied being engaged in the joint venture of farming with her former husband, but admitted being a joint owner of the real estate upon which farming operations were conducted; she denied that plaintiff had sold any of the items on its account to her, denied the statement of the account between her and plaintiff, and denied the signing of the promissory note or the existence of any indebtedness between her and the plaintiff.

In its findings of fact, trial court found that no credit was extended by plaintiff to Helen E. Bavender, that she had no contact with them, that all of the items covered by the account were ordered by her former husband, and all payments made to the plaintiff were made by him. The court further found that no account was ever stated between the plaintiff and defendant Helen Bavender on March 11, 1969, and that no indebtedness was acknowledged by her by the execution of the note in question.

The court concluded as a matter of law that the defendants were not engaged in a joint venture, that the indebtedness was entirely that of the defendant husband, and that the note taken by the plaintiff extinguished any possible obligation which could have existed in favor of plaintiff by defendant Helen Bavender.

The plaintiff advances two assignments of error, which it claims necessitate reversal:

1. That trial court erred in holding as a matter of law that defendants Helen E. Bavender and H. L. Bavender were not engaged in a joint venture of farming.

2. Trial court erred in not holding that a person who permits another to hold himself out as a member of a joint venture is estopped to deny liability as a joint venturer to a third person who was acted or changed his position in reliance on such conduct.

I. This action was at law and was tried to the court, jury waived; our review therefore is limited to a consideration of errors assigned and is not de novo, and the findings of fact of the trial court are binding upon us if supported by substantial evidence. Rule 344(f)(1), Rules of Civil Procedure. The trial court's findings of fact in this case have the effect of a special verdict. Rule 344, R.C.P.

II. Plaintiff first contends trial court erred in finding as a matter of law defendants were not engaged in the joint venture of farming.

We spoke to the elements involved in a joint venture in Brewer v. Central Construction Co., 241 Iowa 799, 806, 43 N.W. 2d 131, 136:

"A joint adventure is defined as an association of two or more persons to carry out a single business enterprise for profit; also as a common undertaking in which two or more combine their property, money, efforts, skill or knowledge. The outstanding difference between a joint adventure and a partnership is that the former usually relates to a single transaction while the latter usually relates to a continuing business. Johanik v. Des Moines Drug Co., 235 Iowa 679, 685, 17 N.W.2d 385, 389, and citations; 48 C.J.S. Joint Adventures, § 1b(6), pages 806–809.

"As a rule, a joint adventure is characterized by a joint proprietary interest in the subject matter, a mutual right to control, a right to share in the profits and a duty to share the losses. 48 C.J.S. Joint Adventures, § 2a; 30 Am.Jur., Joint Adventures, sections 11, 12."

See also Dubuque Stone Products Co. v. Fred L. Gray Co., 8 Cir., 356 F.2d 718, 721; Annot. 138 A.L.R. 968, 985, et seq; Annot. 63 A.L.R. 909, 917; Annot. 48 A. L.R. 1055, 1068–69; Muccilli v. Huff's Boys' Store, Inc., 12 Ariz.App. 584, 473 P. 2d 786, 790.

Plaintiff contends the evidence establishes defendants did everything to satisfy all of the elements required to establish a joint venture relationship between them. After a full consideration of the facts, we are not so persuaded.

Defendants, H. L. and Helen Bavender had been married for 38 years before the marriage was dissolved. They raised six children, and at the time the disputed liability to plaintiff arose, defendants were the owners jointly of farmland in Hardin County upon which they lived and conducted their farming operations.

The evidence shows that the defendant husband ran the farm by himself. He developed the crop plans, ordered and purchased seed and fertilizer. He handled purchases and sales of cattle and grain and bought the farm machinery. He conducted all of the business regarding the soil conservation practices. In spite of inquiries by the defendant wife, the husband divulged little or no information to her regarding the farming operations. Other than assisting with the chores and the field work when needed, the defendant wife did not actively participate in the farming operation.

The record establishes and the court found that Helen Bavender received none of the rents, profits or income from the farm. She testified that she had helped in purchasing the farm, or as she stated:

"The land we bought in 1957 was financed by C. T. Ryerson. I guess we borrowed the whole amount; we hadn't

saved enough to put down a big farm payment. We bought the whole farm through our joint efforts; my work paid for that farm and his work paid for that farm; we both worked hard and bought the farm."

The income from the farm was deposited in a joint bank account, but the husband took care of all finances, except, as Helen Bavender testified:

"He allowed me money for household expenses which he gave me in cash. Once in a while I wrote checks on the joint account at the Alden State Bank when I sometimes had to get extra for groceries or clothing for the family; I also wrote checks for the telephone and light bills; outside of that I didn't write checks."

Joint income tax returns were filed by Mr. & Mrs. Bavender. They borrowed money from the bank, evidencing the indebtedness by notes signed by both of them, and were both obligated on mortgages which secured notes on the indebtedness on the farm.

With special reference to the account with the plaintiff, we note that the account was maintained in the name of H. L. Bavender only, and that the note given on March 11, 1969 was signed by the husband alone.

H. L. Bavender, the husband, owned a share in the plaintiff company, and had been doing business with the company for approximately twenty years prior to the trial. Bills and statements of account were sent to the husband, and no business was conducted with the plaintiff by Helen Bavender except for an occasional order placed by her for gasoline and fuels. In any business meetings between representatives of the plaintiff and the husband in the home of the defendants, Helen Bavender was a passive observer.

■ We have said that a joint venture can exist only by the voluntary agreement of the parties to it; that it cannot arise by operation of law. Fairbanks Morse & Co. v. Dist. Court, 215 Iowa 703, 713, 247 N. W. 203, 208. In Smith, Landeryou & Co. v. Hollingsworth, 218 Iowa 920, 927, 251 N.W. 749, 752, citing from 16 C.J. 847, we said:

"'A joint adventure can exist only by voluntary agreement of the parties to it. * * * The usual requisites as to form and validity apply to a contract of this character. To constitute such a contract no particular form of expression or formality of execution is necessary. It need not be express but may be implied in whole or in part from the conduct of the parties.'"

■ The evidence in this case is totally lacking with regard to any voluntary agreement between the defendants to engage in a joint venture in the operation of their farming enterprise. Instead, the evidence demonstrates a typical joint ownership of property and the pooling of assets for common advantage between a husband and a wife. Certainly the evidence establishes the wife occasionally assisted with the chores and the field tasks, as did the children of the parties. However H. L. Bavender was not the employer of Helen Bavender, nor was he her business partner. Plaintiff was not justified in assuming anything else, and the court below was correct in pointing out such lack of justification on the part of the plaintiff. The evidence presented does not support plaintiff's contention that a joint venture had been established between the defendants. In support, see Valley Sav. Bank v. Staves, 224 Iowa 1197, 278 N.W. 346; Bank of Cedar Bluffs v. LeGrand, 127 Neb. 183, 254 N.W. 892; 46 Am.Jur.2d, Joint Ventures, § 29, pp. 50, 51; 41 Am.Jur.2d, Husband and Wife, §§ 250, 251, 252, pp. 208, et seq.; cf. Ah Leong v. Ah Leong, 28 Haw. 581; Dolan v. Dolan, 107 Conn. 342, 140 A. 745.

III. Nor can we say in the light of the evidence in the record that Helen Bavender was estopped from denying liability on

the note by reason of the acts and declarations of herself and her husband from which a joint venture between them could be implied.

Witnesses for the plaintiff testified that they had observed the activities of Helen Bavender around the farm which plaintiff contends were indicative of the existence of a joint venture.

We are not willing to impute the rule of joint venturer into the role of spouse. The evidence establishes conclusively to us that the activity of Helen Bavender was that traditionally associated with her role as a farm housewife. There is no evidence in the record to justify any conclusion otherwise and we must conclude she was not estopped by her acts and conduct from denying liability on the note of the plaintiff. See Valley Sav. Bank v. Staves, *supra*; Bank of Cedar Bluffs v. LeGrand, *supra*.

We find no error in the record and affirm the trial court.

Affirmed.