Glenn BECK and William Beck,
Petitioners-Appellants,

v.

Herschel E. ROUNDS; Robert C. Landess,
Iowa Industrial Commissioner; Dennis
L. Hanssen, Deputy Industrial Commis-
sioner; and the Iowa Industrial Com-
mission, An Agency of the State of
Iowa, Respondents-Appellees.

No. 2–62972.

Court of Appeals of Iowa.

Aug. 26, 1982.

John D. Sens of Stuart, Tinley, Peters,
Thorn, Smits & Sens, Council Bluffs, Iowa,
for petitioners-appellants.

Robert J. Laubenthal and Gregory Barnt-
sen, Council Bluffs, Iowa, for respondents-
appellees.

PER CURIAM.

Petitioners appeal from the district court
decision on judicial review affirming re-
spondent agency's award of worker's com-
pensation benefits, asserting that substan-
tial record evidence does not support the
finding that claimant was an employee of
both petitioners and that petitioners were
engaged in a partnership and joint venture.
We affirm.

Petitioners William and Glenn Beck, fa-
ther and son, each leased separate plots of
farmland. Glen leased land known as the
Wallis Farm, and William leased the Whar-
ton Trust Farm. William and Glenn agreed
that in exchange for Glenn's labor on Wil-
liam's farm, William would let Glenn use
his entire line of farm machinery, and Wil-
liam would pay for the major equipment
repairs. Both men worked on both the
farms.

The petitioners hired farm laborers to
help on their farms. One of the laborers,

claimant Herschel E. Rounds, was injured while helping Glenn work on one of William's tractors. William had told claimant to help Glenn. The agency found that claimant was an employee of both Glenn and William Beck, and that a joint venture and/or partnership existed. The finding was affirmed on judicial review.

■ Our review of this case is limited under Iowa Code §§ 17A.19–20 (1981). We must determine whether the agency action is supported by substantial evidence in the record made before the agency when that record is viewed as a whole. *Young Plumbing and Heating Co. v. Iowa Natural Resources Council,* 276 N.W.2d 377, 383 (Iowa 1979).

The record shows that on the date of claimant's alleged injury, he was disking on William's land, the Wharton Trust farm. Glenn Beck had instructed claimant to do this work, as Glenn was planning on leasing that land the next year. Claimant was disking with equipment owned by William when he broke a hydraulic hose. Claimant drove to the Wallis Farm to fix the hose. When claimant arrived there, William instructed the claimant to help Glenn repair another tractor. When he was helping fix the tractor, claimant injured his back. Glenn paid claimant for his work that day, and William paid for the tractor repair.

■ Petitioners argue that this evidence does not show that claimant was employed by both Glenn and William Beck on the day he was injured. We think the evidence clearly shows that claimant was under the direction, control and supervision of both William and Glenn. On the day claimant was injured, he was working on William's machinery with Glenn at William's direction. Claimant took orders from both of the petitioners. Under this set of facts, we agree with the agency's findings that claimant was the employee of both William and Glenn Beck.

■ We also agree with the agency's finding that petitioners were engaged in a partnership and/or joint venture. The district court noted that petitioners had an agreement in which they pooled their money, their farm equipment, their labor and skill in the farming operation, and that they agreed to divide the profits and share the losses.

Petitioners called themselves a partnership on an insurance application. In one instance, income received from the sale of oats was paid to William although Glenn reported the income as his own. William guaranteed a note taken out by Glenn. Glenn used his father's machinery, and had a "flexible" plan to share some of the cost of repairing the machinery. They both worked on the farms.

■■ A joint venture is characterized as a business enterprise carried on for profit, and as a common undertaking in which the parties combine their property, money, efforts, skill or knowledge. A joint venture relates to a single transaction, whereas a partnership, having the above characteristics, relates to a continuing business. *See Farm Bureau Service Co. of Hardin City v. Bavender,* 217 N.W.2d 560, 562 (Iowa 1974).

The business relationship of Glenn and William Beck can be characterized as either a joint venture or a partnership. We do not need to decide which it specifically is, as it is only relevant that they employed claimant jointly, and that he was an employee of both men.

AFFIRMED.