# IN THE COURT OF APPEALS OF IOWA

No. 16-1345
Filed January 10, 2018

**MICHAEL C. RYAN AND RYAN DATA
EXCHANGE, LTD., d/b/a RYDEX, LTD.,**
        Plaintiffs-Appellees,

**vs.**

**BELIN MCCORMICK, P.C.,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Glenn E. Pille
(summary judgment) and Donna L. Paulsen (trial), Judges.


A law firm appeals a declaratory judgment concerning the extent of its
attorney-client relationship with plaintiffs. **DECISION VACATED.**



Mark McCormick and Matthew C. McDermott of Belin McCormick, P.C.,
Des Moines, for appellant.

Kenneth R. Munro of Munro Law Office, P.C., Des Moines, for appellees.



Heard by Vogel, P.J., and Tabor and Bower, JJ.

**BOWER, Judge.**

Belin McCormick, P.C.,[1] a law firm, appeals a declaratory judgment concerning the extent of its attorney-client relationship with Michael Ryan and Ryan Data Exchange, Ltd., doing business as Rydex, Ltd.[2] We find the district court improperly determined Rydex and Seneca Distribution, L.C. were involved in a joint venture. We find there is no longer a justiciable controversy concerning the nature, scope, and extent of the attorney-client relationship between Belin and Rydex. We vacate the decision of the district court.

## I. Background Facts & Proceedings

Christopher Risewick and his company, Seneca Distribution, L.C. were long-time clients of Belin.[3] Beginning in 1999, Seneca began investing in Rydex, which held patents concerning a wireless fluid delivery control system. Belin performed legal work pertaining to the relationship between Seneca and Rydex. The relationship between Seneca and Rydex later led to litigation between them and with other parties. This case involves just one piece in the larger picture of litigation involving Seneca and Rydex.

On May 8, 2015, Rydex filed a declaratory judgment action against Belin, asking for a determination of whether they had an attorney-client relationship, and requesting Belin turn over all documents regarding its legal representation of Rydex. The petition states:

> WHEREFORE, the Plaintiffs request that the Court enters an
> Order declaring that Belin McCormick PC had an attorney client

---

[1] We will refer to Belin McCormick, P.C., as Belin.
[2] For purposes of brevity, we will generally refer to Ryan and Ryan Data Exchange, Ltd. together as Rydex.
[3] We will refer to Risewick and Seneca Distribution, L.C., together as Seneca.

relationship with Michael Ryan and Rydex and that Michael Ryan and Rydex are immediately entitled to a full copy of their file, including but not limited to, any and all documents, emails, pleadings, correspondence, discovery, billings, electronically stored data, and any other item of any kind relating to the inventions and U.S. patents that were the subject of the attorney client relationship.

Belin admitted it had an attorney-client relationship with Rydex where Rydex's interests aligned with those of Seneca, but stated the relationship did not encompass the scope Rydex claimed. Belin claimed it did not perform any legal services for Rydex after May 2002. Nonetheless, Belin gave Rydex copies of its work associated with the relationship between Seneca and Rydex from January 2000 through January 2006.

Rydex filed a motion for partial summary judgment and Belin also filed a motion for summary judgment. The district court denied the motions, stating, "The *scope, extent, and nature* of the attorney–client relationship must be determined by the fact-finder and will dictate whether Belin must produce additional documents to Plaintiffs."

A trial was held on April 27 and 28, 2016. In a post-trial brief, Rydex stated:

> Rydex seeks information beyond this time frame from Belin, and Belin states that Rydex is not entitled to this information as it is outside of the time Belin represented Rydex, and is protected by attorney-client privilege. The determination of whether or not Rydex is entitled to this information requires a finding by this Court that Belin was in violation of disciplinary rules or rules of professional conduct. As noted by the Court at the beginning of this proceeding, that is beyond the scope of this Declaratory Judgment Hearing, and the Court cannot and will not render such an opinion. It is something that needs to be decided on a case-by-case basis in other pending litigation.

The district court entered a ruling finding there was a joint venture between Seneca and Rydex and Belin acted as counsel for this joint venture. The court found Belin had an attorney-client relationship with Rydex from June 2001 to June 23, 2006. The court found the scope of the relationship included several specific areas.[4]

Belin filed a motion pursuant to Iowa Rule of Civil Procedure 1.904(2), stating it had already given Ryan all of the documents for the period from January 2000 through January 2006, and based on Rydex's posttrial brief, it was no longer claiming documents outside that time period in this case. Belin claimed the case no longer constituted a justiciable controversy, as Ryan had already received all of the relief to which it was entitled. The district court modified its ruling to provide the last date Belin provided legal services to Rydex was January 23, 2006, and denied the rule 1.904(2) motion in all other respects. Belin now appeals the district court's decision.

## II.     Standard of Review

"The court's review of a declaratory judgment action depends upon how the action was tried to the district court." *Van Sloun v. Agans Bros.*, 778 N.W.2d 174, 178 (Iowa 2010). "To determine the proper standard of review, we consider the 'pleadings, relief sought, and nature of the case [to] determine whether a

---

[4]    These areas were: (1) Rydex's assets, (including [its patents]), (2) the business relationship between Seneca Corporation, Chris Risewick and the Plaintiffs Michael Ryan and Rydex, Ltd. . . . (3) the business or financial operations of Rydex and Michael Ryan related to the above patents or wireless fluid delivery control systems, (4) enforcing, licensing, protecting the patents and any legal actions or infringement actions related to the above patents, (5) manufacturing, developing, marketing related to the patents or any wireless fluid delivery control system, and (6) inventions of patents related to the above patents or development of further products related to wireless fluid delivery control systems.

declaratory judgment action is legal or equitable.'" *Id.* (quoting *Passehl Estate v. Passehl,* 712 N.W.2d 408, 414 (Iowa 2006)). The parties agree this case was tried at law. Therefore, our review is for the correction of errors at law. *See* Iowa R. App. P. 6.907. "Under this standard of review, the trial court's findings carry the force of a special verdict and are binding if supported by substantial evidence." *Van Sloun*, 778 N.W.2d at 179. We are not bound by the trial court's legal conclusions. *Id.*

### III. Joint Venture

Belin claims the district court erred by finding Seneca and Rydex were involved in a joint venture, and Belin provided legal services for this joint venture.

We find there are two problems with the district court's ruling on this issue. First, in a declaratory judgment action, "the issues decided by the district court should be limited to those directly or impliedly raised by the pleadings or litigated with the consent of the parties." *Stew-Mc Dev., Inc. v. Fischer*, 770 N.W.2d 839, 848 (Iowa 2009). "Declaratory judgment actions are subject to the same rules of pleading and proof as other actions." *Smith v. Bitter*, 319 N.W.2d 196, 201 (Iowa 1982).

Rydex filed a petition requesting a declaratory judgment concerning whether Belin had an attorney-client relationship with Rydex and requesting copies of all documents "that were the subject of the attorney-client relationship." In the ruling on the motions for summary judgment, the district court stated:

> Determining the legal effect or enforceability of the demand note or forbearance agreement, or the settlement including the costs of Seneca's legal representation, is not before this Court. Nor must or should this Court weigh in on questions before other courts or regarding pending or hypothetical litigation between other parties.

The present suit is between Rydex and Belin McCormick regarding the scope, nature, extent of their attorney–client relationship.

Furthermore, after the trial, the district court noted there was other pending litigation between Rydex and Seneca, and related litigation pending with other parties. The court stated, "The focus of this Court is the very narrow issue presented in this case, that is the extent, scope, and nature of any attorney-client relationship." Despite this statement, the court found, "The arrangement between Seneca on the one hand and Ryan and Rydex on the other was a joint venture."

We find the district court erred by characterizing the relationship between Seneca and Rydex as a joint venture. This part of the court's ruling goes beyond the very narrow issue presented in the petition for declaratory judgment for a determination of the relationship between Belin and Rydex. We conclude no determination should have been made in this case about the relationship between Seneca and Rydex because this issue is beyond the scope of the issues presented in the petition for a declaratory judgment. *See Stew-Mc Dev.*, 770 N.W.2d at 848.

The second problem with the ruling there was a joint venture between Seneca and Rydex is the ruling could affect the legal rights of Seneca, although it was not a party to the proceeding. A joint venture is a relationship, similar to a partnership.[5] *Peoples Tr. & Sav. Bank v. Sec. Sav. Bank*, 815 N.W.2d 744, 756

---

[5] A joint venture has been defined "as an association of two or more persons to carry out a single business enterprise for profit; also as a common undertaking in which two or more combine their property, money, efforts, skill or knowledge." *Brewer v. Cent. Constr. Co.*, 43 N.W.2d 131, 136 (Iowa 1950)). Additionally, it "is characterized by a

(Iowa 2012). "In a joint venture, as in a partnership, fiduciary relations are created between the parties entered into the enterprise." *Goss v. Lanin*, 152 N.W. 43, 45 (Iowa 1915); *see also Greenberg v. Alter Co.*, 124 N.W.2d 438, 440 (Iowa 1963) ("There is no question but joint venturers like partners owe the duty of finest loyalty and such loyalty continues throughout the life of the venture and its dissolution.").

In some instances, a declaratory judgment can be binding on a third party. *See Opheim v. Am. Interins. Exch.*, 430 N.W.2d 118, 121 (Iowa 1988) (finding requisites of issue preclusion had been satisfied and the third-party had a community of interest and adequate representation by another party). These concerns do not arise when all of the parties with an interest to protect are made a party to the declaratory judgment action. *See Iowa Mut. Ins. Co. v. McCarthy*, 572 N.W.2d 537, 541 (Iowa 1997); *see also* Iowa R. Civ. P. 1.234(2) (providing a party is indispensable if "the party's interest would necessarily be inequitably affected by a judgment rendered between those before the court").

While Belin had provided legal representation to Seneca for many years, in the present case Belin was representing itself. Seneca may very well have an independent interest in litigating the nature of its relationship with Rydex. Because it was not a party, however, no witnesses appeared on its behalf at the trial to address the issue of whether it had agreed to enter into a joint venture with Rydex.[6] We conclude it was improper for the court's ruling to address

---

joint proprietary interest in the subject matter, a mutual right to control, a right to share in the profits and a duty to share the losses." *Id.*

[6] "[A] joint venture can exist only by the voluntary agreement of the parties to it." *Farm Bureau Serv. Co. v. Bavender*, 217 N.W.2d 560, 563 (Iowa 1974).

issues which potentially could affect Seneca's legal rights. We vacate the district court's decision on the issue of whether there was a joint venture because it is outside the scope of the issues presented in the petition for a declaratory judgment.

### IV.    Nature, Scope, and Extent of Attorney-Client Relationship

We turn to the issues raised by the petition for declaratory judgment. The petition for declaratory judgment requested an order stating Belin and Rydex had an attorney-client relationship and asked to have Belin give Rydex all of the documents "that were the subject of the attorney-client relationship." Belin admitted there was an attorney-client relationship and gave Rydex all of the documents in its possession relating to Rydex covering the period from January 2000 to January 2006.

The ruling on the motions for summary judgment explained the narrow issue presented in the case, "The *scope, extent, and nature* of the attorney–client relationship must be determined by the fact-finder and will dictate whether Belin must produce additional documents to Plaintiffs." In its posttrial brief, Rydex stated it was seeking information beyond the time period of January 2000 to January 2006, but recognized it could not obtain those documents in the current action. It stated the question of whether it would receive additional documents would "be decided on a case-by-case basis in other pending litigation."

The issue of whether there remained a justiciable controversy was not addressed in the district court's ruling after the trial. Belin raised the issue in its rule 1.904(2) motion. Rydex responded there were two issues before the court— (1) the scope, extent and nature of the attorney-client relationship, and (2) the

issue regarding the documents.  The district court found there was a justiciable controversy between the parties.

"A case is moot if it no longer presents a justiciable controversy because the issues involved are academic or nonexistent."  *Homan v. Branstad*, 864 N.W.2d 321, 328 (Iowa 2015).  "Our test is whether an opinion would be of force and effect with regard to the underlying controversy."  *Id.*  Even if a case is moot, it may still be decided if it involves an issue of public importance and the issue is likely to recur.  *Id.* at 330.  If a case is moot and the public importance exception does not apply, the case should be dismissed.  *Id.* at 332-33.

We find the petition for declaratory judgment sought a ruling as to whether Belin and Rydex had an attorney-client relationship and requested Belin be required to give Rydex all of the documents "that were the subject of the attorney-client relationship."  In denying the motions for summary judgment, the district court found the scope, extent, and nature of the attorney-client relationship was relevant to determine whether Belin would be required to produce additional documents to Rydex.  Thus, at the trial, the issue to be determined was whether Rydex was entitled to documents beyond those it had already received.  In its post-trial brief, however, Rydex stated it was not seeking any additional documents *in this proceeding*.

We conclude Rydex's statement it was not requesting Belin turn over any additional documents within the scope of this declaratory judgment action made the issue of the nature, scope, and extent of the attorney-client relationship between Belin and Rydex moot, as the determination of the nature, scope, and extent of the relationship was relevant only as to whether Belin would be required

to turn over additional documents. Once Rydex stated it was not seeking any other documents, issues concerning whether the relationship ended in 2002 rather than 2006, or whether certain subjects were included in the relationship or not, ceased to matter because all of the documents in Belin's possession relating to Rydex were turned over. We find there is no longer a justiciable controversy concerning the nature, scope, and extent of the attorney-client relationship between Belin and Rydex.

When a case is moot it should be dismissed. *Auto Owners*, 887 N.W.2d at 602. We conclude the issue concerning the nature, scope, and extent of the attorney-client relationship became moot when Rydex filed its posttrial brief, which was before the district court entered its ruling on June 9, 2016. We vacate the district court's ruling on this issue.

**DECISION VACATED.**